## COOPER v. THE STATE.

1. It is always, in a criminal trial, within the discretion of the trial judge, after the accused has made his statement, to admit additional relevant evidence in behalf of the State, even though the same may not be in rebuttal of anything contained in such statement.
2. The delivery by a bailiff to a jury who had retired to make up their ver-

dict in a murder case, and who had evidently differed among themselves as to the verdict which should be rendered, of a copy or abstract of a written paper prepared by the sheriff and containing extracts from the code relating to the law of homicide, and the examination of this paper by the jurors, is cause for a new trial, although the verdict finally rendered may have been agreed upon in the jury-room by all of the jurors before this paper had been received or read by them, it also appearing that "some of the jurors wanted the information therein contained solely for their own satisfaction." This is so because what purported to be the finding of the jury could never in fact become binding upon them as their verdict until the same had been published in open court, and it is therefore impossible to know what effect the paper may have had in inducing some or all of the jurors to adhere to the finding agreed upon by them before examining such paper, but from which finding it was not too late for them to have receded at any time before the actual return of the verdict into court.

Argued November 1, — Decided November 26, 1897.

Indictment for murder. Before Judge Harris. Troup superior court. May term, 1897.

*Thomas E. Watson, J. H. Pitman, D. J. Gaffney* and *W. T. Samford,* for plaintiff in error.

*T. A. Atkinson, solicitor-general,* and *Longley & Longley,* contra.

LUMPKIN, P. J. W. D. Cooper was indicted for the murder of C. E. Dunson, and found guilty of voluntary manslaughter. He moved for a new trial, which was denied, and he excepted. As the case is to be tried again, we express no opinion as to its merits. The record presents only two questions with which we are now called upon to deal, and these are by no means difficult.

1. After the accused had made his statement, the trial judge, over his objection, permitted the State to introduce additional evidence not strictly in rebuttal of anything contained in the statement. It was, however, relevant to the issue involved between the State and the accused. This court has often held that matters of this kind are purely within the discretion of the trial judge. We do not find in the present case that this discretion was abused, and therefore hold that admitting the evidence in question would not afford cause for a new trial.

2. It appears that after the jury had retired to make up their verdict, they entertained differences of opinion among them-

selves as to the finding which should be returned, and desired further light upon the law of the case. The bailiff in charge of them undertook to supply the same. To this end he applied to the sheriff, who furnished the bailiff a written paper purporting to contain extracts from the Penal Code relating to the law of homicide. It does not distinctly appear that the sheriff knew what use the bailiff intended to make of this paper; but whether he did or not is immaterial. The bailiff either copied or made an abstract of the writing handed him by the sheriff, and delivered the same to the jury, who examined it before returning a verdict. Obviously, such a gross impropriety in the trial of so important a case can not be tolerated or defended. The judge himself, in the absence of the accused, has no power to give to the jury any instructions upon the law of the case, however correct and pertinent they may be; and so doing would be cause for a new trial. Certainly, then, an attempt by a bailiff to supply the jury with information as to the law can not be regarded otherwise than as conduct of an outrageous character, and such as should vitiate any finding the jury might make. Even if such a written statement was in every respect correct and pertinent, the result would be the same; and it would, of course, put the matter in a much worse light if perchance the bailiff's "charge" should turn out to be erroneous and inappropriate to the case on trial.

The correctness of what is said above was conceded in the argument here. Indeed, it is not conceivable that any good lawyer would contend otherwise. But it was urged that the misconduct of the bailiff did no harm in the present case, because in point of fact the jury had made up their verdict and unanimously agreed to find the accused guilty of voluntary manslaughter, before they had seen or examined the paper handed them by the bailiff. We can not sanction this contention as well founded. There can be no such thing as a verdict in any case until the finding agreed upon by the jury has been reduced to writing, signed by the foreman, and returned in open court. It is within the power of any juror, before leaving the jury-room, or even after coming into court, to recede from the verdict to which he has previously assented, at any

time before it has become too late to poll. Granting that each and every juror in the present case had assented to a finding convicting the plaintiff in error of voluntary manslaughter, before seeing or examining the bailiff's abstract of the law, it can not be known with certainty but that some one or more of them may have been induced by an examination of this very paper to adhere to the finding agreed upon. We can not, in any view of the matter, give our sanction to what occurred. Jury trials must at every hazard be kept as pure as possible. No outside influence or communication of any sort should be permitted to affect the conduct of men solemnly charged with the duty of passing upon the rights of their fellow-citizens. Were we to affirm the judgment now under review, it would be establishing a most vicious precedent. We are all firmly of the opinion that, for the reasons above stated, this case should be tried again, and we reach this conclusion without doubt or hesitation. *Judgment reversed. All the Justices concurring.*