MONTGOMERY *v.* THE STATE.

No. 15915.   SEPTEMBER 9, 1947.

*M. G. Hicks,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. J. Clower, Solicitor-General,* and *Margaret Hartson,* contra.

HEAD, Justice. (After stating the foregoing facts.) It is conceded by the solicitor-general in his brief on behalf of the State that the first question for determination is whether or not the evidence is sufficient to show that the child alleged to have been murdered "was born alive and had an independent and separate existence from its mother." The evidence relied upon to establish life is that of the physician who examined the body of the infant. Apparently this examination was made several days after birth. In support of the contention that the physician's testimony was sufficient to establish that the child was born alive and had an independent and separate existence from its mother, counsel quotes from the physician's testimony as follows, "Apparently the baby had bled to death," and again: "In my opinion the baby had breathed. It is not possible for a baby to breathe in the process of birth unless it was born alive. That would prove it was born alive. It was not a still birth." This testimony, standing alone, is insufficient to meet the requirements of the rule stated in *Logue* v. *State*, 198 *Ga.* 672 (32 S. E. 2d, 397), as follows: "In order to convict for the murder of a newly born baby, it is incumbent upon the State to prove that the child was born alive and had an independent and separate existence from its mother, and that it was slain by the accused."

The physician's statement that, in his opinion, the baby had breathed, and that this would prove that it was born alive, does not show "an independent and separate existence from its mother." His further testimony, that "the fact that it breathed does not prove that the entire body was born alive," and "I could not say the child's heart ever beat after it separated from its mother completely," when construed with his testimony as a whole, is consistent with the theory that the child was born dead.

In *Shedd* v. *State*, 178 *Ga.* 654 (173 S. E. 847), this court quoted with approval from State *v.* Winthrop, 43 Iowa 519 (22 Am. R. 257), as follows: "It may be asked why, if there is a possibility of independent life, the killing of such a child might not be murder. The answer is that there is no way of proving that such possibility existed if actual independence was never established. Any verdict based upon such finding would be the result of conjecture." From the same authority this court again quoted as follows: "But it must be proven that the child had been born

in the world in a living state; the fact that it had breathed for a moment is not conclusive proof thereof." Thus the physician's statement in this case, "the fact that it breathed does not prove that the entire body was ever born alive," is not sufficient proof of "a living state," "independent and separate from its mother," and the verdict in this case is based on no more than a possibility of an independent life.

Had the physician who testified in this case made the unqualified statement that in his opinion the child alleged to have been murdered was born alive, and that it had acquired an "independent and separate existence from its mother," we would have a different question for consideration. Counsel, however, have not cited any authority where a conviction has been sustained solely on the testimony of a physician stating his opinion; nor has the writer been able to find such a case from the decisions of this court. On the contrary, *Logue* v. *State,* supra, positively rules that such opinion evidence is not sufficient. "The testimony of the physician in this case, to the effect that, in his opinion gained from the autopsy, the infant was born alive and came to its death as the result of the wound found upon its body which virtually severed its head, while being insufficient to show beyond a reasonable doubt that the baby was born alive, or that the wound was inflicted after the baby had an independent and separate existence from its mother, is yet sufficient to show a strong likelihood that these things were true; and, when aided by the confession of the accused that the baby did live five or ten minutes, that it cried, and that she cut its throat with a knife and then buried it under the house, is sufficient to authorize the jury to find the defendant guilty beyond a reasonable doubt of the charge of murder." *Logue* v. *State,* supra. While Justice Atkinson dissented from the majority opinion in the *Logue* case, his dissent was based on the weight given by the court to the confession of the accused, and not as to the sufficiency of the testimony of the physician. The rule stated as to the weight to be given the physician's testimony is in full accord with our rule of law that the defendant's guilt must be established beyond a reasonable doubt, and testimony by a physician as to his opinion, based on a post mortem examination, standing unsupported, does not come up to the requirements of the rule that guilt must be established beyond a reasonable doubt.

The opinion in *Shedd* v. *State,* supra, in pointing out that the physician did not state an unqualified opinion, did so to show that the physician's testimony as a whole was consistent with the theory that the child alleged to have been murdered in that case was born dead. No ruling was made by the court in the *Shedd* case upon an unqualified opinion of a physician.

Two of the witnesses for the State testified that the defendant admitted the birth of a child to her at the place where the body was found. These witnesses refer to a "confession" by the accused. "There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not." *Fletcher* v. *State,* 90 *Ga.* 471 (117 S. E. 100). "An admission of a fact not in itself involving criminal intent is not a confession. The term confession is restricted to acknowledgment of guilt, and is not a mere equivalent of words or statements." *Owens* v. *State,* 120 *Ga.* 299 (48 S. E. 21). The defendant admitted that a child had been born to her. She did not admit that it had been born alive, nor did she admit the main fact with which she was charged—killing the child.

The evidence for the State failed to show beyond a reasonable doubt that the child claimed to have been murdered had been born alive and had an independent and separate existence from its mother; hence there is no proof of the corpus delicti. *Shedd* v. *State,* supra. The court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur, except Jenkins, C. J., who dissents. Bell, J., concurs in the result. Wyatt, J., took no part in the consideration or decision of this case.*