29530. EDWARDS v. THE STATE.

NICHOLS, Chief Justice.

James Edwards was convicted of the murder of Sylvester Derrico and given a sentence of life imprisonment. He appeals from his conviction and sentence, enumerating four alleged errors.

1. The first enumeration of error to be considered is that the court erred in charging the jury on the felony murder rule. Code Ann. § 26-1101(b) (Ga. L. 1968, pp. 1249, 1276).

The trial judge charged on this rule, and instructed the jury that they could find the appellant guilty if he caused the death of a human being with malice, express or implied, or in the commission of a felony, irrespective of malice.

The appellant argues that the charge was not applicable to the facts of the case.

The appellant was not indicted for felony murder. The homicide occurred after an argument between the appellant and the victim concerning a coat which the appellant had pawned to the victim. While the victim lay on the floor in a dying condition, the appellant took some money and a coat from the victim. The felony murder rule would be applicable to this evidence in the event the jury found that the homicide was in the commission of an armed robbery, that is, that the purpose of the appellant in shooting the victim was to commit theft.

The appellant argues further that the felony murder rule as given was error because the judge failed to provide guidance for the jury to determine whether the elements of felony murder were present.

The Court of Appeals, in *Teal v. State,* 122 Ga. App.

532 (2) (177 SE2d 840), stated that instructions on felony murder which did not define the elements of an applicable felony, as disclosed by the evidence, were incomplete. It was held that the incompleteness of the instructions in that case was harmless error since the accused was not found guilty of murder.

The appellant in the present case was convicted of murder. The judge charged the felony murder rule but did not define the elements of a felony which would make the rule applicable to the evidence. It was harmful error to give the incomplete felony murder rule.

2. The second enumeration of error to be considered is that the court erred in failing to reinstruct the jury upon their request as to the definition of murder and manslaughter.

Prior to receiving the jury's verdict, counsel for the appellant stated to the judge that he thought the jury wanted further instructions on murder, voluntary manslaughter, and involuntary manslaughter. The judge replied that he understood that they had a verdict. Defense counsel requested that the judge inquire of the jury foreman, before they announced the verdict, if they had a question of the court. The judge asked: "The request was that I read the charge again, wasn't it?" The sheriff stated: "Wanted a charge on murder and manslaughter." The court then stated: "Well, I instructed them in detail about that, and I didn't choose to reinstruct them on it. Bring the jury in, please." Whereupon the jury entered the courtroom and published their verdict.

When the jury requests the court to recharge them on any point, it is the court's duty to do so. *O'Shields v. State,* 55 Ga. 696 (4); *Phelps v. State,* 75 Ga. 571 (4); *Short v. State,* 140 Ga. 780 (9) (80 SE 8); *Hyde v. State,* 196 Ga. 475, 491 (26 SE2d 744); *Hubert v. City of Marietta,* 224 Ga. 706 (4) (164 SE2d 832).

It is obvious from the court's statement that the jury had communicated a request to him for a recharge on murder and manslaughter, and that he had refused to do this. This was error.

3. Error is enumerated because of the allowance in evidence of a photograph of the deceased over the objection that it was inflammatory in nature.

This court has held many times that photographs of the victim of a crime are admissible, where they are relevant on the issues in the case, although they may be inflammatory and prejudicial to the accused. *Dixon v. State,* 231 Ga. 33 (2) (200 SE2d 138); *Eberheart v. State,* 232 Ga. 247 (4) (206 SE2d 12).

After the close of the evidence, the state's attorney in argument to the jury referred to such photograph and stated that it was introduced to inflame the minds of the jurors, and the defendant's contention is, in view of such statement, the prior ruling of the court admitting such exhibit into evidence was error. No further objection was made after such statement by the state's attorney. Thus, the statement of the state's attorney cannot be considered in determining the admissibility of such evidence, and the ruling of the trial court admitting such photographs into evidence was not error.

4. The sole remaining enumeration of error complains of an excerpt of the court's charge which was obviously a lapsus linguae and will not recur on another trial of the case.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 20, 1975 — DECIDED FEBRUARY 4, 1975.

*John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.