## 29828. LEACH v. THE STATE.

JORDAN, Justice.

Franklin Leach appeals a murder conviction rendered against him by a jury in the Fulton County Superior Court on February 12, 1974. After conviction appellant was sentenced to life imprisonment.

1. Appellant complains that the trial court erred in admitting into evidence appellant's waiver of counsel,

confession, and subsequent statements in that they were not freely and voluntarily given. Although there is some conflict in the record as to physical abuse we cannot say that the trial court's determination that the waivers, confessions and statements were voluntary is "clearly erroneous." See *Johnson v. State,* 233 Ga. 58 (209 SE2d 629); and Lego v. Twomey, 404 U. S. 477 (1972).

2. Appellant, who was not indicted for felony murder, further contends that the trial judge erred in charging the jury on the felony murder rule as follows: "A person also commits the crime of murder when, in the commission of a felony such as armed robbery is, he causes the death of another human being irrespective of malice." Appellant's complaint is that it was reversible error to so charge the jury without further charging them as to the elements of the felony. We have reviewed the entire charge and there was no explanation or charge as to the elements of armed robbery. This constituted reversible error. *Edwards v. State,* 233 Ga. 625 (212 SE2d 802); *Teal v. State,* 122 Ga. App. 532 (177 SE2d 840).

3. We have carefully studied appellant's other enumerations of error and find them to be without merit.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment and Ingram and Hall, JJ., who dissent.*

SUBMITTED APRIL 14, 1975 — DECIDED MAY 20, 1975.

*K. Reid Berglund, Jacques O. Partin, II, Assistant Public Defenders,* for appellant.

*Arthur K. Bolton, Attorney General, Lois F. Oakley, Deputy Assistant Attorney General, Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.

HALL, Justice, dissenting to Division 2 and the judgment of reversal.

After the jury was excused from the courtroom to begin their deliberations, the able trial judge asked counsel for the defendant and the state if there were any "exceptions, objections, omissions, corrections." Counsel

for the defendant made two objections but did not object to the charge on the felony murder rule. In my opinion, there was a waiver on the part of the defendant by failing to object to the charge. See my dissenting opinions in *Sims v. State,* 234 Ga. 177, and *Gaither v. State,* 234 Ga. 465.

To me it is ludicrous to hold that an accused lay person can personally waive his fundamental constitutional rights to counsel and self-incrimination and yet not waive any objection to a charge even where he is represented by *effective* counsel.

INGRAM, Justice, dissenting.

The majority opinion overlooks the doctrine of harmless error. There can be no reasonable contention that malice was not proven under the evidence in this case. The only issue involved here was whether this defendant was the person who committed the homicide. The evidence was overwhelming that this was an intentional killing involving malice and the probata established the allegata of the indictment. Under the cold, harsh facts of the case, I would treat the trial court's isolated reference to felony murder as harmless to the defendant's case.

I would have a wholly different opinion if the evidence showed some issue with respect to malice because, in that event, the *Edwards* case cited by the majority would be controlling. However, there is a substantial factual distinction between this case and *Edwards* which can be readily discerned from Division 2 of the *Edwards* opinion. The question of malice was very much in issue in that case.

Not every error requires reversal, and I dissent to the reversal of this murder conviction for a technical but nonprejudicial error. I dissented in *Robinson v. State,* 232 Ga. 123 (205 SE2d 210), where a majority of the court upheld a conviction for forcible rape under a definition of statutory rape. There, it seemed to me, the jury had to be confused by the charge and I could not agree the error was harmless under that transcript and all the issues argued on appeal. However, if a majority of the court could find the errors there were harmless, I am at a loss to understand why the error here was not harmless. See,

*Robinson* at pp. 128, 129. I dissent.