## 29686. WOOD v. THE STATE.

INGRAM, Justice.

Appellant, Jack Pete Wood, appeals from the judgment of conviction, sentence of life imprisonment and order of the trial court overruling his motion for new trial following a jury trial for the murder of his wife, Jessie Salisbury Wood, in the Superior Court of Telfair County.

In his enumeration of errors, appellant contends that the trial court erred in overruling his amended motion for new trial and that the trial court also erred in admitting into evidence the statement made by appellant to police officers because the statement was not shown to have been freely and voluntarily made. We find no merit in these contentions and affirm the trial court.

The evidence adduced at trial showed the following sequence of events: On Saturday, June 16, 1973, appellant, a truck driver, returned home from an extended trip on the road. Appellant had slept only about three hours during the previous three days and had taken stimulants to remain alert. Upon arrival home, appellant consumed approximately one-half of a case of beer while joy-riding with his family around town. Sometime later, appellant and his wife drove to a wooded area along a creek where they could be alone and talk. There was, according to appellant's testimony, some discussion between them about appellant's wife seeing another man.

The statement made by appellant to police officers related that his wife had grabbed a pistol which was in the truck and shot herself. Appellant indicated that his wife became upset by his questioning of her regarding her activities and that as he left the truck to relieve himself, she shot herself. At trial, appellant contradicted this portion of his story and stated that he had been attempting to "unbreach" the gun when it accidentally discharged, striking his wife in the head.

At the trial, several witnesses testified as to appellant's general character, his family life, and his happy relationship with his wife. A police officer testified that he had been on the scene at the hospital when appellant arrived with his wounded wife and that appellant told him that his wife had shot herself. An agent

of the Department of Investigation took a statement from appellant on the night of the incident. This statement was introduced at trial and it related that appellant's wife had shot herself. The Director of the Georgia Crime Laboratory testified that in his opinion the fatal wound to the wife could not have been self-inflicted with the weapon used, due to the lack of powder burns in the area of the wound. He also produced photographic evidence of the physical condition of the victim which revealed one serious laceration of the face and numerous bruises, all of which he opined had been sustained within 24 hours of the autopsy on the wife which was performed the day after the fatal wound. Finally, appellant testified at the trial that he, in fact, shot his wife, but insisted that the shooting was purely accidental.

Appellant's first contention is that the evidence is insufficient to support his conviction for the murder of his wife. The entirety of the evidence authorized, but did not require, the jury to find that appellant shot his wife because he had been upset with her over alleged infidelities and that appellant did not shoot her accidentally but rather did so intentionally and with malice aforethought as contended by the state. See, *Wilburn v. State,* 230 Ga. 675, 679 (198 SE2d 857) (1973).

Appellant's second contention is that the in-custody statement he made to the officers at the police station should have been excluded from evidence. The statement made by appellant merely gave appellant's interpretation of the events surrounding his wife's demise and was exculpatory in nature. This statement, made by appellant at the police station, reads, in part, as follows: "I told her, I said, if I had as much confidence in you as I had in John everything would be all right. I don't know, she said something or the other about damn it, I have been behaving myself lately. And I ain't fooled around with none of that trash no more . . . I said I hope you are, baby. And she said I just don't believe you believe me. I heard a bam. I hallard, why, baby? She was intending to shoot me instead of herself." The officer who took this statement and the stenographer who transcribed the statement both testified that appellant was coherent and under no duress at the time this statement was given.

Appellant was fully advised by the officer taking the statement of his rights against self-incrimination. This statement was also essentially the same explanation which appellant gave spontaneously to another police officer at the hospital earlier that night after the shooting incident. The in-custody statement was admitted into evidence at the trial to impeach the credibility of appellant's testimony that he shot his wife accidentally. See, Harris v. New York, 401 U. S. 222.

We also note that the trial court conducted a Jackson v. Denno hearing and the evidence at that hearing authorized the trial court to conclude that appellant's statement at the police station was in fact freely and voluntarily made. We find no error in the admission of appellant's statement into evidence by the trial court.

The judgment of the trial court will be affirmed as we find no merit in the enumerations of error presented in this appeal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 24, 1975 — DECIDED JUNE 17, 1975.

*E. Herman Warnock,* for appellant.

*Albert D. Mullis, District Attorney, Tom K. Smith, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr.,* for appellee.