## 53656. CARTER v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for murder and convicted of voluntary manslaughter. She appeals from denial of her motion for new trial. We reverse the conviction.

1. The defense raised by appellant at trial was self-defense. She admitted firing the fatal shots, but contended the shooting occurred during a struggle for a pistol. Her testimony was that following 18 hours of physical and verbal abuse of appellant and her mother by the deceased, he attempted to rape her. After the attempt, she claimed, the decedent reached for the pistol, saying he was going to kill her. She grabbed the gun, he grabbed her hand, and the gun went off. She also testified that during her questioning by the police she had refused to discuss the alleged attempted rape and had asked for an attorney.

The prosecution's witnesses who were involved in her interrogation testified that she had not asked for a lawyer and that, rather than refusing to discuss the attempted rape, she had denied that the deceased had made any sexual advances. It was this testimony to which the first enumeration of error is addressed. Appellant contends that this testimony and the prosecution's repeated references to the discrepancy between her in-custody statement and her testimony constituted an impermissible comment on her exercise of her right to remain silent. In support of this contention, appellant cites Doyle v. Ohio, —- U. S. —- (96 SC 2240, 49 LE2d 91), *Howard v. State,* 237 Ga. 471 (228 SE2d 860), and *Clark v. State,* 237 Ga. 901 (1) (230 SE2d 277). Those cases do stand for the proposition for which they are advanced, that the silence of a criminal defendant cannot be used against him at trial. But those cases are inapposite here. The testimony of the prosecution witnesses flatly contradicted her claim that she declined to discuss any sexual aspects of the case until she could consult a lawyer. It was not her silence the prosecution sought to use against her. The testimony was clearly a use of a prior contradictory statement to impeach her testimony at trial. Such impeachment is permissible and there was no error in

allowing it. *Wood v. State,* 234 Ga. 623 (216 SE2d 865).

2. Appellant has enumerated as error a question by the prosecution as to appellant's marital status. She contends that the question put her character in issue without her having done so. While the issue of her marital status was irrelevant to the issues of the trial, as the judge correctly held in sustaining a defense objection to the line of questioning, we do not believe it was within the proscription of Code Ann. § 38-202. Appellant argues that the question was prejudicial because it suggested to the jury that the district attorney felt appellant was a woman of compromised virtue. However, appellant has cited no case and we have found none which suggest that marriage compromises the virtue of women. Appellant's character was not put in issue and there was no error.

3. A request for copies of statements made by appellant and witnesses was made well in advance of trial. As appellate counsel points out, there is nothing in the record to indicate compliance with the request. However, there is also nothing in the record to indicate noncompliance. Even assuming the statements were not furnished to the defense, this enumeration of error based on Brady v. Maryland, 373 U. S. 83, must fail. The alleged error was not raised in the lower court and appellant may not raise it for the first time in this court. *Wisdom v. State,* 234 Ga. 650 (217 SE2d 244); *Clark v. State,* 138 Ga. App. 266 (8) (226 SE2d 89).

4. The evidence was sufficient to support the verdict.

5. The ground on which this conviction must be reversed is the failure of the trial judge to recharge the jury after they requested he do so. The record shows that the jury requested a recharge on murder and manslaughter. The judge indicated he would recharge them on those issues and on self-defense after a lunch recess. The next words in the record are those of the judge, asking the jury if they had reached a verdict. No explanation appears for the failure to recharge, and appellee failed to treat this issue on appeal. That failure was error.

"When the jury requests the court to recharge them on any point, it is the court's duty to do so. [Cits.]" *Edwards v. State,* 233 Ga. 625 (2) (212 SE2d 802). We

cannot say the error was harmless and must, accordingly, reverse the conviction.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED APRIL 11, 1977 — DECIDED MAY 2, 1977 —
REHEARING DENIED MAY 20, 1977.

*E. Kontz Bennett, Jr.,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.