## 54418. WHITFIELD v. THE STATE.
## 54419. ALLEN v. THE STATE.

SMITH, Judge.

We reverse the appellants' burglary convictions because, at their joint trial, the court failed to comply with the jury's request for a recharge on a legal issue and because the court abused its discretion in failing to require an unsequestered witness to testify prior to the state's other witnesses.

1. At about 2:05 p.m., while the jury was deliberating, the foreman told a bailiff that he wanted to ask the judge a question of law. At 2:10 p.m., while the trial judge was conducting voir dire on another case, a bailiff informed him that the jury had a question on an issue of law. The judge instructed the bailiff to inform the jury "that I will bring them in just as soon as I can get to a point where I can break and bring them in, that I cannot stop in the middle of a voir dire on a murder case." The bailiff relayed this message to the jury. At 2:30 p.m. the judge was informed that the jury had reached a verdict, and at 2:38 p.m. the verdict was published. At no time did the judge provide the jury with additional instructions.

"When the jury requests the court to recharge them on any point, it is the court's duty to do so." *Edwards v. State,* 233 Ga. 625, 626 (212 SE2d 802) (1975). The fact that here the judge intended to recharge as soon as he could is no basis for distinguishing *Edwards,* where the judge expressly *refused* to reinstruct. In both cases the judge failed to comply with the jury's request for instruction, and in both cases the jury returned a verdict presumably based upon an incomplete understanding of the relevant law. Furthermore, as "it is within the power of any juror, before leaving the jury room, or even after coming into court, to recede from the verdict to which he has previously assented, at anytime before it has become too late to poll," it remained the duty of the judge to reinstruct, even after he had been informed that the jury had reached a verdict. *Cooper v. State,* 103 Ga. 63, 65 (29 SE 439) (1897).

2. The appellants invoked the rule of sequestration, and the court properly complied with the state's request

that Steve Howard, the chief investigating officer and a witness in the case, be allowed to remain in the courtroom to assist the prosecution. *Poultryland, Inc. v. Anderson,* 200 Ga. 549 (37 SE2d 785) (1946). Later, the court permitted the state, over appellants' objections, both to call as its first witness the alleged victim, Newt Stepp, and then to call Howard, who had heard Stepp's testimony. The enforcement of the rule of sequestration has long been left to the broad discretion of the trial court. *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975). However, in *Jarrell,* the Supreme Court expounded upon an earlier decision by this court, which qualified the trial court's discretion: "The effect of *Stuart* [*v. State,* 123 Ga. App. 311 (1) (180 SE2d 581) (1971)] is that the trial court should exercise its discretion both as to permitting exceptions to sequestration of witnesses, and as to sequence of calling unsequestered witnesses; i.e., that the state *show some need* not to call the unsequestered witness first and the trial court exercise its discretion *based upon that showing.*" (Emphasis supplied.) Id., p. 421. Likewise, this court has held recently that the state "should present the excepted witness first *or explain* to the satisfaction of the trial court why the witness cannot be called first." (Emphasis supplied.) *Parham v. State,* 135 Ga. App. 315, 321 (217 SE2d 493) (1975). The Code § 38-1703 right to have the witnesses of the opposite party sequestered and examined out of the hearing of each other is an absolute right, and a court's abuse of discretion in enforcing the right requires reversal. *Massey v. State,* 220 Ga. 883 (142 SE2d 832) (1965). The state here showed *no reason* why Howard should not have been called to testify first, before Stepp testified, and it was an abuse of discretion for the court to permit this sequence of testimony without such a showing.

3. The remaining enumerations of error are meritless.

*Judgments reversed. Bell, C. J., concurs. McMurray, J., concurs specially.*

ARGUED SEPTEMBER 20, 1977 — DECIDED NOVEMBER 7, 1977.

*Douglas W. McDonald,* for Whitfield.
*Andrews & Myers, W. Allan Myers,* for Allen.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.

McMURRAY, Judge, concurring specially.

I concur in the judgment of reversal but not all that is said in the opinion. I specifically do not agree that the lower court erred in refusing to reinstruct the jury, "even after he had been informed that the jury had reached a verdict." I, of course, agree that when the jury requests the court to re-charge them on any point, it is the court's duty to do so. See *Edwards v. State,* 233 Ga. 625, 626 (212 SE2d 802). But here we do not even know the issue or question of law upon which the jury desired re-instruction. The admitted facts show that the judge advised the jury that as soon as he had a suitable opportunity he would consider their request for instruction. Approximately twenty minutes later and before the trial judge could consider the jury's request and respond thereto the jury advised him they had reached a verdict. The case of *Cooper v. State,* 103 Ga. 63, 65 (29 SE 439), cited by the majority simply does not support it in the statement of law in Division 1 that "it remained the duty of the judge to reinstruct, even after he had been informed that the jury had reached a verdict." At that moment in time the trial judge was not even aware of what question of law the foreman of the jury wanted to communicate about with the court. The bailiff testified, "he wanted to ask the judge a question of law," and that is all that is available as to any such question of law. The jury may have changed its mind or through discussion with one another clarified any problem and elected to proceed to verdict. There simply was no duty on the part of the judge to inquire further of the jury as to any requested instructions that they may have wanted during their deliberations when the jury announced it had reached a verdict. Here the jury was polled after their verdict was reduced to writing and returned in open court. Not a single member of the jury repudiated the verdict which had been previously reached in the jury by all. I do not feel that the facts in this case support any reasoning that the

trial judge had refused to reinstruct the jury.