## 34305. HALL v. THE STATE.

MARSHALL, Justice.

The appellant was indicted in the Lowndes Superior Court, and following the grant of her motion for change of venue, she was convicted in the Colquitt Superior Court of the murder of her newly born baby. She appeals. We affirm.

1. In enumeration of error 1, the appellant contends that the trial court erred in admitting in evidence certain oral and written statements which were given by the appellant to police prior to the time she was given her Miranda warnings.

We find that even if these statements were improperly admitted, the error was harmless in view of the fact that the appellant testified at trial to the same facts she gave in these statements.

In addition, after being given her Miranda warnings, the appellant gave other oral and written statements to police covering the same matters contained in her earlier statements. These latter statements were properly

admitted in evidence after the trial court determined at the Jackson-Denno hearing that they were freely and voluntarily given. This provides another reason for holding that admission of the statements made by appellant prior to the time she received her Miranda warnings, if error, was harmless. We find this enumeration of error to be without merit.

2. In enumeration of error 2, the appellant argues that the trial court erred under Code Ann. § 59-705 in refusing to allow defense counsel to propound certain questions to prospective jurors on voir dire examination.

It was held in *Hill v. State,* 221 Ga. 65 (8) (142 SE2d 909) (1965) that even though the language of Code Ann. § 59-705 is broad, the trial judge still retains the discretion to limit the voir dire examination of prospective jurors to questions dealing directly with the specific case and to prohibit general questions. "The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." *Whitlock v. State,* 230 Ga. 700, 706 (198 SE2d 865) (1973).

We hold that in refusing to allow defense counsel to propound the requested questions to the jury panel, the trial judge was properly exercising his discretion under *Hill* to limit voir dire examination to questions dealing with the specific case and prohibit general questions. We find no abuse of discretion. We therefore find this enumeration of error to be without merit.

3. Enumerations of error 3 and 9 raise the question of whether there is any evidence to support the verdict.

The evidence authorized the jury in finding that the appellant gave birth to the deceased child in a toilet. She then placed the child in a trash can without determining whether the child was alive or dead, and she subsequently buried the child in her backyard. There was testimony that two of the appellant's children had heard the baby crying after the appellant placed it in the trash can. This authorized the jury in finding that the baby was alive when it was born. The baby's corpse was later exhumed by

the police.

"In order to convict for the murder of a newly born baby, it is incumbent upon the State to prove that the child was born alive and had an independent and separate existence from its mother, and that it was slain by the accused." *Logue v. State,* 198 Ga. 672 (32 SE2d 397) (1944). Accord, *White v. State,* 238 Ga. 224 (232 SE2d 57) (1977).

The evidence presented in the instant case authorized the jury in making the foregoing findings. We therefore find the evidence sufficient to support the verdict. This enumeration of error is without merit.

4. In enumeration of error 4, the appellant argues that the trial court erred in transferring the case to Colquitt County without asking the appellant to agree with the prosecuting attorney for transfer of the case to another possible county, as permitted by Code Ann. § 27-1201, and without sending to the Colquitt Superior Court the papers connected with the case, as required by Code Ann. § 27-1203.

The appellant's motion for change of venue merely requested that the Lowndes Superior Court change venue "to another county." The motion for change of venue was granted, and the case was transferred to Colquitt County. When the case came on for trial in the Colquitt Superior Court, defense counsel announced "ready" and proceeded to try the case. Had the appellant wished the case to be transferred to some county other than Colquitt County, she should have made such a request at trial. Having failed to do this, she has waived the point and can not now complain on appeal.

The appellant does not point to any particular papers connected with the case which the Lowndes Superior Court failed to transfer to the Colquitt Superior Court. In fact, it appears from the record that the Lowndes Superior Court did transfer to the Colquitt Superior Court such essential papers as the indictment and order granting change of venue. The appellant has not shown how she was harmed by the Lowndes Superior Court's failure to transfer any other papers.

We therefore find this enumeration of error to be without merit.

5. In enumeration of error 5, the appellant argues that the trial court erred in admitting in evidence photographs of the deceased child. This is clearly a matter within the discretion of the trial court, and we find no abuse thereof. We find this enumeration of error to be without merit.

6. In enumeration of error 6, the appellant argues that the trial court erred in allowing a detective from the Lowndes County Sheriff's Department, who was the prosecuting witness, to remain in the courtroom at trial without requiring him to testify first. The appellant argues that this deprived her of her right to sequestration of witnesses under Code Ann. § 38-1703.

The district attorney stated to the trial court that it was necessary to keep the prosecuting witness in the courtroom to assist in the presentation of the case. The defense requested that the prosecuting witness be required to testify first, and the district attorney objected on the ground that it would disrupt the orderly presentation of the case. The trial court, in the exercise of its discretion, ruled that the prosecuting witness could remain in the courtroom throughout the trial and that he did not have to testify first.

It has been held in numerous decisions that it is within the trial court's discretion to allow the prosecuting witness to remain in the courtroom, as an exception to the sequestration rule. See, e.g., *Disby v. State,* 238 Ga. 178 (1) (231 SE2d 763) (1977) and cits.; *Hill v. State,* 237 Ga. 794 (8) (229 SE2d 737) (1976). It has also been held that, based upon a showing by the state of some need not to call the unsequestered witness first, the trial court is authorized, in its discretion, to allow the unsequestered witness to be called to the stand after other witnesses have testified. *Stuart v. State,* 123 Ga. App. 311 (1) (180 SE2d 581) (1971). Accord, *Jarrell v. State,* 234 Ga. 410 (6) (216 SE2d 258) (1975); *Whitfield v. State,* 143 Ga. App. 779 (240 SE2d 189) (1977).

Given the broad discretion vested in the trial court in administering the sequestration rule, we find that the trial court did not abuse this discretion in allowing the prosecuting witness to remain in the courtroom without

requiring him to testify first.

The only testimony given by the prosecuting witness concerned an oral statement made by the appellant on March 16, 1977, three days after her arrest. He testified, in pertinent part, that the appellant had stated on March 16 that the baby had been born around noon on December 10, 1977, and that approximately 15 minutes later, her children, Teresa and David, came into the bedroom and told her that they had heard a baby crying. The appellant argues that this testimony was extremely damaging to her in that the appellant's son, David, had been ruled incompetent to testify. However, the appellant's daughter, Teresa, was ruled competent to testify, and she testified that she heard a baby crying shortly after it was born. She also testified that she mentioned this to her mother. The jury could have found corroboration of this testimony in the appellant's testimony that her daughter, Teresa, had asked her about hearing something shortly after the baby was born. In addition, other witnesses had testified that the appellant had told them that she had not really determined whether the baby was alive or dead.

We find this enumeration of error to be without merit.

7. In enumerations of error 7 and 8, the appellant argues that the trial court erred in refusing to give requested jury charges on the good character of the accused and the duty of the state to prove that the newly born baby had achieved an independent and separate existence from its mother.

We have reviewed the jury charges and find them to be a correct pronouncement of law on these subjects. "It is no longer necessary to give the exact language of a request to charge when the same principles are fairly given to the jury in the general charge of the court." *Burnett v. State*, 240 Ga. 681, 687 (242 SE2d 79) (1978). We therefore find these final enumerations of error to be without merit.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Hall, J., who dissents.*

ARGUED JANUARY 10, 1979 — DECIDED FEBRUARY 6, 1979 —

REHEARING DENIED FEBRUARY 27, 1979.

*Edwards, Edwards & Edwards, John Kent Edwards, Richard M. Cowart,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Staff Assistant Attorney General,* for appellee.

HALL, Justice, dissenting.

I would reverse the conviction on the ground that the verdict was contrary to the evidence. The medical examiner who performed the autopsy testified that he found no external or internal injuries; that he could not say that the baby ever existed independently outside the uterus; and that he could not say that the baby suffocated as result of the burial. There is no evidence, I repeat — no evidence, that the child was slain by the mother. See *White v. State,* 238 Ga. 224 (232 SE2d 57) (1977); *Montgomery v. State,* 202 Ga. 678 (44 SE2d 242) (1947); *Logue v. State,* 198 Ga. 672 (32 SE2d 397) (1944).