## 57335. FINNEY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for the offense of child molestation. *Held:*

1. The defendant alleges the trial court erred "in failing to respond to the jury foreman's request for clarification of instructions . . ." which resulted in "a deprivation of the appellant's constitutional rights to trial by jury and to due process of law." No assertion of constitutional error was made in the court below and it may not be raised for the first time on appeal. *Moore v. State,* 141 Ga. App. 245, 246 (233 SE2d 236).

"The burden is on him who asserts error to show it affirmatively by the record." *Roach v. State,* 221 Ga. 783, 786 (147 SE2d 299). The only reference to this alleged error is after the court had received the verdict of the jury and the court was discussing bond for the defendant. He stated: "I do want to tell you that I had intended — it was made known to me that you wanted some further information, but we're trying another case and I just couldn't stop at that time. I'm sorry. I hope it wasn't —."

The record reflects only that the jury sought "further information." This does not equate to the enumeration of error's designation of "clarification of instructions." The record does not support the enumerated error and we will not presume error from a silent record.

We are aware of the court's duty to recharge the jury on "any point" requested by it. *Edwards v. State,* 233 Ga. 625, 626 (212 SE2d 802). But such statement must not be considered in vacuo. There are a number of reasons we do not find reversible error. First, there was no objection by defendant's counsel to the procedure followed by the court. Second, no ruling was obtained by counsel which could be reviewed by this court. Third, counsel requested no corrective action. Lastly, we will not reverse an otherwise

valid conviction upon an unspecified request of the jury "for information" — because the judge was not available at that particular moment. The record was not fleshed out to support any claim of error, i.e. whether the request was for a particular type of information — which may or may not have been available or admissible, or whether the court advised the jury he could not come "at that time," or whether he would be available within minutes. We have no information as to whether the jury persisted in their request or did not deem it important enough to wait a few minutes until the judge became available. We commend the holding of *Edwards,* supra, and *Whitfield v. State,* 143 Ga. App. 779 (1) (240 SE2d 189), to all members of the trial judiciary, with the admonition to heed their advice and document the record as to the specific requests of the jury and the reply of the court.

2. Counsel requested that he be relieved of further pursuit of this appeal under Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). We have reviewed the record and transcript and find the presence of sufficient evidence to support the verdict of the jury and the absence of any error which would require reversal. However, under the test of Anders, supra, and *Bethay v. State,* 237 Ga. 625 (229 SE2d 406), we do not find this appeal to be frivolous, and counsel's request is denied.

*Judgment affirmed. Deen, C. J., McMurray, P. J., Banke, Birdsong, Underwood and Carley, JJ., concur. Smith, J., dissents. Shulman, J., not participating.*

SUBMITTED MARCH 12, 1979 — DECIDED JULY 10, 1979 — REHEARING DENIED JULY 25, 1979 —

*Charles L. Burris,* for appellant.
*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.

SMITH, Judge, dissenting.

After the jury verdict of guilty had been received and published, the judge stated to the jury: "I do want to tell you that I had intended . . . it was made known to me that you wanted some further information but we're trying

another case and just couldn't stop at that time. I'm sorry. I hope it wasn't . . ." This was the first knowledge the defendant had that such a request had been made. In the case of *Edwards v. State,* 233 Ga. 625, 626 (212 SE2d 802) (1975), the court stated unequivocally that, "When the jury requests the court to recharge them on any point, it is the court's duty to do so. [Cits.]"

The majority seems to place its entire case on the words used in the request, to wit: "wanted some further information," stating that these words do not equate to the enumeration of error designated as "clarification of instructions."

To begin with, we do not know what the jury wished to communicate to the court, as the bailiff gave to the court the jury's oral request, and the jury was never given an opportunity to address its request directly to the court with all parties present. Secondly, the court revealed the jury's request to the defendant and others for the first time after receiving and publishing the verdict. The court did not refuse the jury request because of its form or substance; it refused the request because it was trying another case. In a situation such as this, when the defendant was not present and was not informed of the jury's request, the benefit of the doubt should shift to the defendant for two reasons.

*Form v. Substance as to Request by Jury:* At worst the words of the jury were defective in *form* not *substance.* "Form relates to technical details regardless of substance while substance is that which is essential. Potts v. Miller, 73 SD 145 (39 NW2d 667) (1949). The terms "defect in form" as contra to "defect in substance" were common under our demurrer practice prior to CPA. *Kemp v. Central R. Co.,* 122 Ga. 559 (50 SE 465) (1905). The courts always ruled that a defect in form was not demurrable whereas a defect in substance was. See also *Dunwoody Country Club of Atlanta, Inc. v. Fortson,* 243 Ga. 236 (253 SE2d 700) (1979) in which the court in a securities case said, "[F]orm should be disregarded for substance . . ."

When the jury told the bailiff to tell the court they "wanted some further information," this was *form,* the *substance* of which was *they needed further information or*

*instruction about the case.* The jury had no legal training, and therefore it was necessary to look to the substance of the request, not to its form. The enumerated error by defendant was founded upon the need for "clarification of instructions." The majority opinion makes a distinction without a difference and places form over substance. Black's Law Dictionary Revised 4th Edition 1968, contains the following definitions: *"Clarificatio,"* [clarification] "In old Scotch Law. A making clear;" *"Instructions,"* "A direction given by the judge to the jury concerning the law of the case; a statement made by the judge to the jury *informing* them of the law applicable to the case in general or some aspect of it." (Emphasis supplied.) *"Further,"* "wider or fuller;" *"Information,"* "used in the law in its sense of communicated knowledge." Courts use the above words interchangeably. See *Short v. State,* 140 Ga. 780 (8) (80 SE 8) (1913) where the court used the words, "further instructions."

Therefore it can be seen that to deny defendant's motion on the ground of the words used in the enumeration of error when they mean the same as the words conveyed to the court would be to give precedence to form over substance and thus deprive defendant of a lawful trial. Also, the court found nothing objectionable in the form or substance of the request; the only reason it gave for neglecting to instruct was that he was trying another case.

*Right of Defendant to be Present when Court Rules on Jury Request:* "The rule is well established in this State, that the defendant on trial *must* be present when the court takes any action materially affecting his case." *Andrews v. State,* 196 Ga. 84, 94 (26 SE2d 263) (1943) (Emphasis supplied.) Prior to the *Andrews* case in *Bonner v. State,* 67 Ga. 510 (1881), the court held it was reversible error to recharge the jury without the defendant being present, even though his attorney was present and remained silent. The court went on to say that the attorney's silence was no waiver of defendant's presence and this was true even though the court did not know of defendant's absence. Certainly a request by the jury for "some further information" is such an action as materially affects his case.

This brings us to the four primary reasons given by the majority for affirming.

I will take the first three as one. They are: (1) There was no objection by defendant's counsel to the procedure followed by the court. (2) No ruling was obtained by counsel which could be reviewed by this court. (3) Counsel requested no corrective action. The case of *Tiller v. State,* 96 Ga. 430 (23 SE 825) (1895) answers all three contentions put forth by the majority. Beginning on p. 432, the court said: "[T]he real question is: Did the failure of counsel for the accused to call the attention of the court to the fact that the accused was not present constitute a binding waiver by or for him of his undoubted right to be present?

"It does not appear from the record that the counsel knew of the prisoner's absence; but granting that he had such knowledge, or is chargeable with it, could his mere silence be held sufficient to constitute such a waiver? We think not. In the case of *Bonner v. State,* 67 Ga. 510, [519] this court held that in view of the right of the prisoner in a criminal case to be present in person throughout the trial, it was error for the judge to recharge the jury while the prisoner was absent and in confinement, although his counsel were present and kept silent. This case is, in principle, directly applicable to the case at bar, because the argument to the jury was a matter of great importance, and of almost, if not altogether, as much concern to the accused as the charge of the court. We therefore are of the opinion that it was a duty devolving upon the judge himself to see to it that the accused was brought from jail to the courtroom, before allowing the argument to proceed; and the omission to perform this duty is of sufficient gravity to require the granting of a new trial. We do not mean to say that the duty of seeing that his client was present did not also rest upon the counsel; but his failure in this respect should not relieve the judge of giving the proper attention to this matter, he being primarily, and above all others, responsible for the regularity and lawfulness of the trial."

The court in *Hopson v. State,* 116 Ga. 90 (2) (42 SE 412) (1902), stated there was no waiver of the right of the accused and his counsel to be present when the second

charge was given, even though it did not appear that both were ignorant of its being given until after the trial ended. This principle is also sustained in *Carter v. State,* 142 Ga. App. 351 (235 SE2d 750) (1977) and *Whitfield v. State,* 143 Ga. App. 779 (240 SE2d 189) (1977). I have checked the entire record of both cases filed in this court, and there was no objection raised by defense counsel in either case. There is no mention of an objection in *Edwards v. State,* supra. This is in keeping with what the court said in *Tiller,* supra, p. 432 that the judge is "primarily, and above all others, responsible for the regularity and lawfulness of the trial."

The fourth reason discussed is equally non-persuasive. It is stated thusly: "Lastly, we will not reverse an otherwise valid conviction upon an unspecified request of the jury 'for information' . . . because the judge was not available at that particular moment. The record was not fleshed out to support any claim of error, i.e., whether the request was for a particular type of information . . . which may or may not have been available or admissible or whether the court advised the jury he could not come 'at that time,' or whether he would be available within minutes. We have no information as to whether the jury persisted in their request or did not deem it important enough to wait a few minutes until the judge became available."

The above reason is basically controverted by the cases cited above. However, the court in the case of *Wilson v. State,* 212 Ga. 73 (90 SE2d 557) (1955) stated: "It is the legal right of a person accused of crime in this State to be present at all stages of his trial, such right being derived from our Constitution, art. I, sec. I, par. IV (Code Ann., § 2-104). [Now Art. I, Sec. 1, Par. IX, Code § 2-109.] This principle has been recognized since the establishment of this court. 'The accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case. To say that no injury results when it appears that what occurred in their absence was regular and legal would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice.'

[Cits.]"

In the absence of a waiver by the defendant of his presence, the court was in error to deny the jury their request for "further information." *Chance v. State,* 156 Ga. 428 (119 SE 303) (1923). The cases hold that it was the duty of the court to honor the jury's request, regardless of any failure on the part of defendant or his counsel to object, obtain a ruling or request corrective action. And to fail to do so is reversible error. There is no authority requiring the jury to beg the court for further information. When the court denied their request, the jury had every right to assume this was final. There is no way for the defendant or the court to know what the jury wanted, inasmuch as they were never given the opportunity to present their request. The defendant certainly had no way to know, because he was not present and did not know about the jury's inquiry. The information they wanted might have resulted in defendant's acquittal. For these reasons, based upon the cases cited herein, I respectfully dissent.