59110. HENDERSON v. THE STATE.

DEEN, Chief Judge.

The manner in which Roy Mathews ejected a drunken woman from his bar and grill apparently offended the defendant's uncle and an argument between the two men ensued. The defendant intervened by grabbing a pistol from a holster on Mathews' hip. Shots rang out, Mathews was hit three times by bullets and he died shortly thereafter. Leroy Henderson brings this appeal from his conviction by a jury of voluntary manslaughter.

1. Appellant first contends that the trial court erred

in refusing to give his requested charge on involuntary manslaughter in the commission of a misdemeanor. Appellant admits the shooting, but contends that he acted in self-defense claiming that after he removed the pistol Mathews produced a derringer and shot at him before he returned fire. There were many witnesses to the shooting; some verify the defendant's story while others do not remember seeing Mathews pull a derringer from his pants. The derringer was not found at the scene of the shooting although expert witnesses testified that a bullet which did not match the ones which came from the gun fired by appellant was found at the scene and that it had markings indicating that it was fired by a derringer. "To warrant instructions on involuntary manslaughter (Ga. L. 1968, pp. 1249, 1276; Code Ann. § 26-1103) there must be evidence to authorize a determination that death occurred unintentionally from the commission of an unlawful act other than a felony, or from the commission of a lawful act in an unlawful manner likely to produce death or great bodily harm . . . Whether to instruct on a particular lesser included offense is dependent upon the circumstances as disclosed by the evidence." *Teal v. State,* 122 Ga. App. 532, 533 (177 SE2d 840) (1970). As in *Summerour v. State,* 124 Ga. App. 484 (184 SE2d 365) (1971) "[h]is admitted and undisputed conduct discloses the commission of an act which would be a felony if the victim had lived, i.e., aggravated assault by shooting at another (Ga. L. 1968, pp. 1249, 1280, Code Ann. § 26-1302) unless legally excusable. Under these circumstances the trial judge properly treated the situation as one limited to murder, voluntary manslaughter, or excusable homicide, and did not err in failing to instruct the jury on involuntary manslaughter, (Ga. L. 1968, pp. 1249, 1276; Code Ann. § 26-1103) as a lesser included offense." Appellant erroneously relies on that portion of *Morrison v. State,* 147 Ga. App. 410, 412 (249 SE2d 131) (1978), which states: "Even though defendant admitted the shooting with a deadly weapon which caused the death of the victim, in doing so he of necessity admitted to the commission of two lesser offenses. These lesser offenses, simple assault under Code § 26-1301 and pointing a gun or pistol at another under

Code § 26-2908, are both misdemeanors and included in the greater crime of aggravated assault with a deadly weapon." In *Morrison,* the court held that a defendant cannot complain of a verdict which was brought about by a charge which he requested and he had requested a charge on involuntary manslaughter. In determining whether or not to grant such a request to charge, the trial court must determine if the evidence warrants it. Here, where the defendant admits an intent to shoot the victim, a charge on involuntary manslaughter does not lie because involuntary manslaughter occurs only where there is an unintentional killing. Code Ann. § 26-1103.

2. The trial court did not err in allowing into evidence the prior conviction of a witness for impeachment purposes when no proper objection is raised at trial. Defendant first objected to the introduction of an indictment against one Toni Duhart: "I don't think it's got nothing to do with this trial or that it casts any light on it whatsoever," and informed the court that he was not objecting to the indictment for a lack of formality of the certified copies. Several more indictments were introduced to impeach his witnesses including the indictment against Billy Henderson. Each time, counsel stated, "Same objection." On appeal, he now claims that the conviction obtained against Henderson was obtained in violation of the witness' Sixth Amendment rights. An objection in general language is insufficient to raise any question on appeal when it fails to show why the evidence was harmful to the appellant. *Touchstone v. State,* 121 Ga. App. 602 (174 SE2d 450) (1970). An objection that the evidence sought to be admitted is irrelevant and immaterial is insufficient to show reversible error. *Brown v. State,* 122 Ga. App. 59 (176 SE2d 240) (1970).

3. Appellant testified that at the time he fired the gun he wasn't angry or mad. He claims he was scared and that he was sorry about what had happened. Following this testimony, the state placed the daughter of the deceased on the stand and she testified that she saw Henderson at the airport the day after her father was killed and when she asked him why he killed her father he replied, "F—- you." Henderson contends that this testimony inflamed the jury against him. The trial court

admitted this testimony to rebut his statement of regret about what had occurred. "The admission of evidence is a matter which rests largely within the sound discretion of the trial judge; and if an item of evidence has a tendency to establish a fact in issue, that is sufficient to make it relevant and admissible. [Cit.]" *Alexander v. State,* 239 Ga. 108, 110 (236 SE2d 83) (1977). As Henderson voluntarily placed his feelings about the incident in issue, the trial court did not err in admitting the witness' testimony solely for the purpose of impeachment on that issue.

4. Appellant complains that the trial court required him to furnish evidence against himself in violation of his Fifth Amendment rights as provided in Art. I, Sec. I, Par. XIII of the Constitution of Georgia (Code Ann. § 2-113) and Code Ann. § 38-417 because he was required to demonstrate his testimony on cross examination. When appellant took the stand in his own behalf, his attorney explained his right not to testify, the consequences of taking the stand and questioned him: "Q: On the other hand, you have a right if you elect or choose to testify, you will be testifying under oath and your testimony will be in the same category as any other witness and you will be subject to cross examination by Mr. Trunnell, the district attorney. Do you understand that? A: I understand. Q: And what is your desire in that regard? A: I'm on the stand. I'm going to testify." Clearly, this testimony shows that the defendant made a knowing and intelligent waiver of his rights. He had also viewed prior witnesses who were required to demonstrate their testimony. Henderson elected to answer questions which might incriminate him and was only required on cross examination to demonstrate the actions to which he testified on direct. This situation is clearly distinguishable from a refusal to answer an incriminating question. See *Busby v. Citizens Bank,* 131 Ga. App. 738 (206 SE2d 640) (1974). "Having here elected to testify, the defendant became obligated on cross examination to answer all proper and relevant questions." *Dickey v. State,* 240 Ga. 634, 641 (242 SE2d 55) (1978). When a person testifies in his own behalf, the state has a right for purposes of contradiction and for testing

the reasonableness and truthfulness of his statements to interrogate him fully and can make him demonstrate his actions as if he had been a witness and not the defendant.

5. The trial court charged the jury the law of justification and added: "A person is not justified in using the force under the circumstances that I have just read if he initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant *or is attempting to commit, committing or fleeing after the commission or attempted commission of a felony.*" (Emphasis supplied.) Appellant contends that the trial court erred in giving the emphasized portion of the charge because it was incomplete and failed to give guidance to the jury in determining whether the elements of a felony or attempted felony were present. He relies upon cases which hold that it is error for the judge to charge the felony murder rule without defining the elements of the felony which makes the rule applicable to the evidence. *Edwards v. State,* 233 Ga. 625 (212 SE2d 802) (1975); *Teal v. State,* 122 Ga. App. 532 (177 SE2d 840) (1970); *Leach v. State,* 234 Ga. 467 (216 SE2d 326) (1975). Those cases all follow the rule that the jury must be charged each of the essential elements of the crime for which a defendant is on trial. *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143) (1976). In the present case, we do not believe that in charging the jury that a person is not justified in using force in certain specified instances, the court must define the underlying felony when the jury can find from the evidence that the defendant committed an aggravated assault on the victim, he was fleeing from commission of that crime, and the jury was also charged on aggravated assault.

6. Appellant further contends that it was error to give that portion of the charge quoted in Division 5 of this opinion because the evidence did not raise the legal question which the charge set forth, i.e., whether appellant used force while fleeing after the commission or attempted commission of a felony. For the reasons set forth in Division 5, the jury could find that the defendant was fleeing from the commission of an aggravated assault after he shot Mathews.

7. The trial court did not err in charging the jury on the law of accident because he relied upon the defense of justification. Some of the witnesses testified that after Henderson snatched the gun, he tripped, fell, or slipped and the gun went off. As a general rule, "[w]here a person acting in self-defense intentionally shoots at another, the defense of accidental killing is not involved." *Dobbs v. State,* 132 Ga. App. 368 (208 SE2d 178) (1974). It is obvious that the trial court was trying to give the defendant the full benefit of the doubt even though his own testimony revealed an intent to shoot the victim. Even if the defendant was not entitled to a charge which gave him an extra defense, any error committed by the trial court was harmless. *Roberts v. State,* 140 Ga. App. 21 (230 SE2d 84) (1976).

8. It is not improper for the trial court to instruct the jury that they may take into consideration the fact that the defendant is interested in the result of the prosecution. *Johns v. State,* 239 Ga. 681 (238 SE2d 372) (1977); *Walker v. State,* 132 Ga. App. 274 (208 SE2d 5) (1974).

9. The general grounds are also without merit. We have examined the entire trial transcript and find that a rational trier of fact could reasonably have found from the evidence that the defendant was guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The credibility of the witnesses is a matter for jury determination under proper instructions from the court. *Leach v. State,* 143 Ga. App. 598 (239 SE2d 177) (1977).

*Judgment affirmed. Sognier, J., concurs. Birdsong, J., concurs in the judgment only.*

Submitted January 10, 1980 — Decided February 22, 1980 — Rehearing denied March 11, 1980 —

*Hugh Q. Wallace,* for appellant.
*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.