73002, 73003. MURRAY v. THE STATE (two cases).
(349 SE2d 490)

BANKE, Chief Judge.

Appellants Bruce and Wayne Murray were jointly indicted and tried on charges of armed robbery and possession of a firearm by a convicted felon. Their separate appeals have been consolidated for review by this court.

The state presented evidence that on the evening of July 6, 1985,

the two Murray brothers were drinking whiskey at a mobile home belonging to Kenneth Geralds, when appellant Bruce Murray shot a .25-caliber automatic pistol into the ground five or six times and announced that he was going to rob somebody. Thereafter, at approximately 8:30 to 9:30 p.m., the two appellants left the mobile home together in a black Dodge Colt automobile. At 9:40 p.m., Bruce Murray entered a service station in Cornelia, Georgia, pointed an automatic pistol at the attendant, and demanded money. A second person was observed seated in a black Dodge automobile parked several feet from the station. The appellants later returned to Geralds' trailer, where Bruce displayed a "handful of money."

The Dodge automobile was discovered abandoned the next morning, in a landfill approximately six to seven miles from the site of the armed robbery. A tracking bloodhound was brought to the scene, and the dog led the police to Geralds' trailer. Appellant Wayne Murray was found inside, along with a .25-caliber automatic weapon identified as the one used in the robbery. There was testimony that the gun had been in Bruce Murray's possession when he returned to Geralds' trailer the previous night. *Held*:

1. Both appellants enumerate as error the trial court's failure to honor the jury's request for a recharge on "track dog evidence." After beginning deliberations, the jury foreman advised the court that, "there's a problem in that we cannot decide what type of evidence we can use in the area of [the conspiracy] charge and in the using of the track dog, what kind of evidence we can use in that." The trial court thereupon recharged the law pertaining to conspiracy and parties to a crime but did not recharge on the law concerning the use of track dogs. At the conclusion of the recharge, the court inquired of the foreman, "Does that help?" and the foreman responded, "Yes, sir." Appellants' subsequent objections to the court's failure to recharge on the principles of track dog evidence were overruled.

"When the jury requests the court to recharge them on any point, it is the court's duty to do so. [Cits.]" *Edwards v. State*, 233 Ga. 625 (2) (212 SE2d 802) (1975). In *Edwards* this court held that reversible error had resulted when the trial judge refused a jury's request for a recharge on murder and manslaughter. The *Edwards* standard has been consistently followed by this court. See, e.g., *Brinson v. State*, 163 Ga. App. 567 (2) (295 SE2d 536) (1982); *Carter v. State*, 142 Ga. App. 351 (5) (235 SE2d 750) (1977); *Whitfield v. State*, 143 Ga. App. 779 (1) (240 SE2d 189) (1977); *Freeman v. State*, 142 Ga. App. 293 (4) (235 SE2d 560) (1977).

In the present case, the jury specifically expressed confusion about the issue of track dog evidence and asked that the applicable law be recharged. Although the trial court questioned the foreman as to whether the partial recharge, as given, was of "help," the jury was

not specifically asked if they required further clarification. Accordingly, we hold that the trial court erred in failing to reinstruct the jury on this issue. However, because the evidence against both appellants, exclusive of the track dog evidence, overwhelmingly identified them as the perpetrators of the robbery, we conclude that the error was harmless, i.e., it is highly probable that the failure to give the requested recharge did not affect the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

2. Appellant Wayne Murray contends that the testimony concerning the use of the tracking dog should not have been admitted because the evidence failed to establish that the dog was "upon a track which the circumstances indicate to have been made by the accused." *Johnson v. State*, 165 Ga. App. 146 (299 SE2d 740) (1983). This contention is without merit. The Dodge Colt automobile was identified as the get-away car, and there was evidence that the two appellants had left Geralds' trailer in it shortly before the robbery occurred. Moreover, appellant Bruce Murray was positively identified as the gunman, and there was testimony that he had returned to the trailer after the robbery with a "handful of money." Since the track dog led the officers directly to this trailer from the automobile, the circumstances clearly support the inference that the track followed by the dog had been made by the accused.

3. Appellant Bruce Murray asserts that the state impermissibly placed his character in issue by seeking to introduce a "mug shot" which had been taken of him in connection with a prior arrest. This enumeration of error is without merit. The earlier "mug shot" was never introduced into evidence, and the jury was not made aware of appellant's prior criminal record. Rather, the only testimony actually heard by the jury in this regard concerned appellant's arrest and booking in the present case. The admission in evidence of a "mug shot" of the defendant does not in and of itself impermissibly place his character in issue. See *Creamer v. State*, 229 Ga. 704, 708 (194 SE2d 73) (1972); *Williams v. State*, 178 Ga. App. 80 (2) (342 SE2d 18) (1986); *Ambros v. State*, 159 Ga. App. 492 (3) (283 SE2d 706) (1981).

4. Bruce Murray further enumerates as error the denial of his motion for new trial on the so-called general grounds. Applying the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we hold that the evidence was amply sufficient to enable a rational trier of fact to find both appellants guilty beyond a reasonable doubt of armed robbery and possession of a firearm by a convicted felon.

*Judgments affirmed. Birdsong, P. J., and Sognier, J., concur.*

Decided September 19, 1986 —
Rehearing denied October 8, 1986

*James M. Rea*, for appellant (case no. 73002).
*Winslow H. Verdery, Jr.*, for appellant (case no. 73003).
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.