## 32193. GLASS v. THE STATE.

INGRAM, Justice.

Leanders Glass and Henry Albert Hamilton were co-defendants who were convicted on four counts of armed robbery in Fulton Superior Court. Both men received prison terms and probated sentences. This court's opinion in the *Hamilton* appeal states the facts common to both appeals. That decision is reported in *Hamilton v. State,* 239 Ga. 72 (1977).

Glass cites five enumerations of error for our consideration. We affirm as we find no reversible error.

Appellant first contends that his convictions should be reversed on the general grounds. We have reviewed the evidence in the case and conclude that it is legally sufficient to support the verdicts. This enumeration is without merit.

Next, it is argued that the trial court erred in admitting evidence of separate and independent crimes. The applicable law is reviewed in *Hamilton.* Two conditions must be met before such evidence is admissible. First, the evidence must show that the

defendant was identified as having committed the independent crime. Second, the evidence must show the crimes to be sufficiently similar. *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976). We think that these two conditions were satisified in appellant's case. Evidence of three independent armed robberies was introduced by the state. Four eyewitnesses to the crimes each identified appellant as one of the perpetrators. The similarity between those crimes and the armed robberies for which appellant was on trial was sufficient to allow the evidence to be admitted for the purpose of showing identity and common scheme. Cf. *Hamilton v. State,* supra. This enumeration of error is without merit.

In his third enumeration of error, appellant argues that it was error to admit into evidence receipts from certain gasoline credit card transactions because no connection was shown to tie them to appellant. The state, however, showed that the credit card was taken in one of the robberies; that it was used in gasoline purchases by a man answering the co-defendant Hamilton's description who was driving Hamilton's automobile; and, that the card was used in the first purchase on the same day it was taken from the victim. We believe the state sufficiently showed the relevancy of these receipts and this enumeration has no merit.

Appellant also contends in another enumeration of error that a directed verdict of not guilty was required as to count three. The basis for this argument is that one of the victims did not testify at trial and there was no testimony to support the state's contention that any property was taken from him. Although there was no eyewitness testimony in this regard, the other victim of this particular robbery did testify that the perpetrators of the crime took the victim into another room with the stated purpose of forcing him to open a briefcase which contained some money. The witnesses heard further conversations between the robbers to this effect and also testified to hearing what the witnesses thought was a briefcase being opened and closed. This was sufficient evidence to justify the denial of a motion for a directed verdict of acquittal. Code Ann. § 27-1802. (Rev. 1972). And, see *Birks v. State,* 237 Ga. 861, 862 (230 SE2d 294)

(1976). This enumeration of error is without merit.

In his final enumeration of error appellant contends that the trial court erred in failing to grant a mistrial when the state improperly put his character in evidence. The error complained of was the admission of a bail bond which was executed in connection with appellant's arrest for a separate crime.

The transcript of the trial shows that appellant took the stand in his own behalf. He testified that he had been arrested and confined in the Atlanta City Jail on July 8, 1975, and that he had been in jail since that date. Appellant thus attempted to establish an alibi for the crimes charged which were committed on July 12, 1975. To rebut this testimony the state introduced several witnesses who testified that: appellant was not listed in the Atlanta City Jail Docket as being arrested on July 7, 8, or 9; appellant voluntarily appeared in Fulton Superior Court on July 14, 1975; appellant was not arrested for the crimes charged until July 22, 1975. Supporting documentary evidence was also introduced consisting of the appropriate arrest dockets, court records, and the bail bond which indicated that appellant was out of jail on bond on July 12, 1975. We hold this bail bond, although relating to a separate crime, was relevant and admissible rebuttal evidence by the prosectuion. The fact that it may have incidentally placed appellant's character in evidence is not reversible error. Cf. *Hudson v. State,* 237 Ga. 443, 444 (228 SE2d 834) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1977 — DECIDED MAY 13, 1977.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.