## 37134. DEAN v. THE STATE.

JORDAN, Chief Justice.

We granted certiorari to determine whether separate counsel is required for each co-defendant in a case where the death penalty is not sought by the State. *Dean v. State,* 156 Ga. App. 463 (274 SE2d 812) (1980); see *Fleming v. State,* 246 Ga. 90 (270 SE2d 185) (1980).

Appellant was indicted for burglary along with three co-defendants. Two co-defendants pled guilty. One of those, Glanton, was appointed the same attorney later retained by appellant. Glanton was called to testify at appellant's trial. Prior to Glanton's taking the stand, counsel for appellant notified the trial court of his representation of Glanton, but only for purposes of learning why the State was calling Glanton to the stand. Glanton's testimony on direct examination implicated appellant in the commission of the crime. Counsel for appellant vigorously cross-examined Glanton in an effort to impeach his testimony, using certain statements apparently exculpating appellant Dean which Glanton had made to the attorney during their previous attorney-client relationship. Appellant did not testify in his own behalf.

Appellant was convicted and sentenced to fifteen years. On appeal, appellant argued that there was such a conflict of interest in his attorney's representation of him and his prior representation of a co-defendant as to taint appellant's conviction. His conviction was affirmed by the Court of Appeals, which declined extending this court's holding in *Fleming* that there cannot be multiple representation of co-defendants in a death penalty case to a case in which the death penalty was not sought.

Appellant seeks to have this court apply the *Fleming* holding to his case, urging that an equal protection violation would otherwise occur should it not be applied to all cases involving the potential deprivation of liberty as well as to cases where the death penalty is sought.

With regard to an equal protection challenge to the fewer than twelve jurors allowed by Louisiana state law to convict a defendant accused of a non-capital felony, the United States Supreme Court has held that "the State may treat capital offenders differently without violating the constitutional rights of those charged with lesser crimes." Johnson v. Louisiana, 406 U. S. 356, 364 (92 SC 1620, 32 LE2d 152) (1972).

We promulgated the rule in *Fleming* for death penalty cases under our supervisory power over the bar of this State *and* under our statutory mandate to review the administration of the death penalty.

See Code Ann. § 27-2537; *Fleming v. State,* 246 Ga. at 90. As Justice Bowles pointed out in his concurring opinion, such a prophylactic rule is necessary in cases where "life itself is at stake. . ." 246 Ga. at 95.

The constitutional infirmities found in multiple representation of co-defendants may violate the sixth amendment or the due process clause (see respectively, Cuyler v. Sullivan, 446 U. S. 335 (100 SC 1708, 64 LE2d 333) (1980); Wood v. Georgia, 450 U. S. —— (101 SC ——, 67 LE2d 220) (1981)), and for that reason relief can be granted. However, this appellant makes an equal protection claim. We find no invidious discrimination present in the treatment afforded defendants on trial for their life and those facing possible sentences or fines. See Johnson v. Louisiana, supra.

Whenever a defendant establishes his lawyer's unconstitutional multiple representation, that is where an actual conflict of interest is objected to before or during trial, prejudice need not be demonstrated. Glasser v. United States, 315 U. S. 60 (62 SC 457, 86 LE 680) (1942). However, "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U. S., supra, at 348.

Trial judges and prosecutors have the responsibility to see that the defendant receives a fair trial. Fitzgerald v. Estelle, 505 F2d 1334 (5th Cir. 1974); *Fleming v. State,* 246 Ga. at 91, fn. 3. A *Fleming*-type rule is not absolutely necessary in the large number of cases where the State does not seek the death penalty both because multiple representation is not per se unconstitutional and because these cases will still be subject to case-by-case review to see if an impermissible multiple representation has taken place.[1]

We therefore answer the question we posed on certiorari in the negative and uphold the Court of Appeals' affirmance of appellant's conviction.

*Judgment affirmed. All the Justices concur, except Smith, J., disqualified.*

DECIDED JUNE 23, 1981.

---

[1] In an effort to reduce case-by-case review, in cases where co-indictees or co-conspirators are represented by the same attorney or firm, trial judges should point out to the defendants that joint representation *may* create a conflict of interest and determine whether all such defendants agree to joint representation.

*William T. Brooks, Catherine B. Lerow,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.