## 64141. LUCKETT v. THE STATE.

BIRDSONG, Judge.

James H. Luckett appeals from conviction of two counts of burglary. *Held:*

1. The trial court did not err in admitting evidence and testimony concerning another burglary in another county. The evidence was that on the same day of the burglary, appellant attempted to sell to a pawnshop dealer silver stolen in that burglary. This evidence was identical to evidence in the cases on trial, as to scheme and method of operation, and as to appellant's identity as the individual selling stolen silver and other items on the same day as the crime, and as one in recent unexplained possession of stolen property. The evidence was admissible. *Glass v. State,* 239 Ga. 78 (235 SE2d 513); *Payne v. State,* 233 Ga. 294, 308 (210 SE2d 775); see *Cook v. State,* 162 Ga. App. 102 (293 SE2d 46).

2. Appellant was not deprived of his right to effective assistance of counsel by the fact that his counsel at the same trial represented appellant's co-defendant. This same contention was made on the appeal of appellant's co-defendant Barnes, and is controlled by our decision in that case. *Barnes v. State,* 160 Ga. App. 232 (286 SE2d 519). See also *Dean v. State,* 247 Ga. 724 (279 SE2d 217).

3. Appellant was not entitled to a mistrial on the claimed basis of improper argument by the state's attorney concerning a conspiracy and the independent crime, and improper statement by a witness concerning "appeals." The evidence supported argument relating to the independent crime. The trial court gave fully adequate curative instructions concerning any alleged other improper remarks and its discretion in that regard was not abused. Code Ann. § 81-1009; *Jackson v. State,* 153 Ga. App. 462 (265 SE2d 368).

4. The enumerations of appellant on appeal being without merit, it necessarily follows that the trial court did not err in denying his motion for new trial.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 14, 1982.

*Herbert T. Hutto,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.