## A93A1055. CRAWFORD v. THE STATE.
(435 SE2d 64)

BEASLEY, Presiding Judge.

Appellant Crawford was convicted of armed robbery. OCGA § 16-8-41. The evidence showed that although the crime was actually perpetrated by others, appellant was a party. OCGA § 16-2-20. He appeals the denial of his motion for new trial on general evidentiary grounds as well as on the specific ground that no evidence was presented showing that he knew a weapon would be used.

Construed in a light most favorable to the verdict, the evidence showed that the robbery was perpetrated by John Crowe and Randy Espinosa at appellant's suggestion. These three and Susan Davis were drinking beer one night. After Espinosa and Crowe said they wanted to get some money, appellant suggested they rob a pizza delivery man, advising that this was an easy crime to get away with, that you just ask that it be delivered to another apartment and then wait around the corner and go and get the money. Davis looked up the number in the telephone book, and Crawford called the restaurant. Crowe obtained two ski masks, and with Espinosa went to the designated apartment to wait. After the delivery man left the apartment, the two accosted him and robbed him of approximately $110 and his pizzas.

Crowe testified that he had given a knife to Espinosa a few days before the robbery and that he did not see it again until Espinosa displayed it menacingly during the robbery. Espinosa testified that Crowe had the knife. Davis testified that Crowe had a knife. She was not asked nor did she indicate whether appellant saw or was aware of it.

After the robbery, Espinosa and Crowe returned to Davis' apartment. Espinosa gave some of the money to appellant and Crowe. The group of four then ate the pizzas. Appellant and Crowe later gave the money back to Espinosa to buy more beer.

After the robbery, Davis and appellant asked Crowe's aunt to provide Espinosa and appellant with an alibi if they needed one. Davis also suggested that Crowe, who was a juvenile, take the blame, and appellant asked whether that could be done.

Appellant requested a charge on the lesser offense of theft by receiving stolen property but not on any lesser included robbery offense. The jury was given the charge requested but rejected it.

1. As to knowledge of weapon use, appellant relies not upon Georgia cases, but rather upon *United States v. Hamblin*, 911 F2d 551, 557-558 (9, 10) (11th Cir. 1990), and *United States v. Pendegraph*, 791 F2d 1462 (11th Cir. 1986). They are not binding on us, although they are instructive. *Hines v. Good Housekeeping Shop*, 161 Ga. App. 318, 323 (8) (291 SE2d 238) (1982).

In *Hamblin*, supra, the defendant was convicted of two counts of unlawful use of a firearm in connection with a bank robbery in violation of 18 USC § 924 (c). Based upon the second conviction, he was given a mandatory 20-year sentence without possibility of parole. The Court of Appeals found the evidence insufficient to support one of the § 924 (c) convictions and vacated the sentence. Citing *United States v. James*, 528 F2d 999, 1015 (5th Cir. 1976), the court held that the government had the burden of proving that defendant (the getaway driver) shared the same unlawful intent of his co-defendant (the actual perpetrator of the robberies) with respect to the firearm charges. Reversal was based on the lack of evidence that defendant knew of the firearm used by the co-defendant to perpetrate one of the robberies.

In the *James* case, the court affirmed the § 924 (c) conviction for carrying a firearm in the commission of a felony even though defendant was not present, because he was instrumental in organizing the incident that erupted in gunfire, as noted in *Hamblin*, supra at 558, n. 3. *James* held, " 'There must exist a community of unlawful intent between the accessory and the perpetrator of the crime, but ". . . an accessory is liable for any criminal act which in the ordinary course of things was the natural or probable consequence of the crime that he advised or commanded, although such consequence may not have been intended by him." . . . It is not essential that the accessory know the modus operandi of the principal. . . .' [Cit.]" 528 F2d at 1015, n. 22.

*James* accords with Georgia law. "The elements of proof that one is a party to a crime or an accomplice requires proof of a common criminal intent. [Cits.]" *Jones v. State*, 250 Ga. 11, 13 (295 SE2d 71) (1982) (affirming the murder conviction of a defendant who drove the triggerman to the crime scene, there being sufficient evidence to infer defendant's prior knowledge that his accomplice would commit murder, as opposed to engaging in some unrelated lesser criminal scheme). "[W]hen individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one of the conspirators is in legal contemplation the act of all, subject to the qualification that each is responsible for the acts of the others only so far as such acts are naturally or necessarily done pursuant to or in furtherance of the conspiracy." *Shehee v. State*, 167 Ga. App. 542, 543 (1) (307 SE2d 54) (1983). It was held that Shehee could be convicted of armed robbery, for he provided an accomplice with a gun and instructed him to kidnap the victim for ransom and the accomplice had robbed the victim as well.

" '[A] criminal conspiracy is a partnership in crime, and . . . there is in each conspiracy a joint or mutual agency for the prosecution of a common plan. Thus, if two or more persons enter into a

conspiracy, any act done by any of them pursuant to the agreement is, in contemplation of law, the act of each of them and they are jointly responsible therefor. This means that everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by each of them. . . . And this joint responsibility extends not only to what is done by any of the conspirators pursuant to the original agreement but also to collateral acts incident to and growing out of the original purpose.' [Cit.]" *Burke v. State*, 234 Ga. 512, 514 (216 SE2d 812) (1975). *Burke* held that where two or more persons conspire to rob another, and one of the conspirators in furtherance of the common design to rob kills the person to be robbed, such killing is a probable consequence of the unlawful design to rob, and all conspirators are guilty of murder.

"Under [OCGA § 16-2-20], as parties to a crime, participants may be convicted of a crime even though they are not the actual perpetrator. [Cit.]" *Cargill v. State*, 256 Ga. 252, 253 (1) (347 SE2d 559) (1986). There, a conspirator was responsible when a co-conspirator murdered a witness to an armed robbery.

In *Pendegraph*, supra, defendant (the getaway driver) was convicted of armed bank robbery and bank robbery based on the perpetration of a single robbery. The armed robbery conviction was reversed because there was no evidence directly showing knowledge by defendant that his accomplice would use a gun.[1] The court stated that the jury's verdict was probably due to its hearing the statement of a third accomplice admitted in violation of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

In this state, a defendant can be convicted of armed robbery even though he might not have had knowledge that his accomplice was going to use a weapon to perpetrate it, so long as it can be found that use of the weapon by the accomplice was naturally or necessarily done in furtherance of the conspiracy to commit the robbery even though not part of the original agreement. See *Parham v. State*, 166 Ga. App. 855, 856 (1) (305 SE2d 599) (1983). In Crawford's case, a rational trier of fact was authorized to find beyond a reasonable doubt that appellant was a party to the armed robbery and that his accomplice's use of a weapon to perpetrate it was naturally done in furtherance of the conspiracy even if not part of the original agreement. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). He had masterminded the plan and left to Crowe and Espinosa the manner in which they would extract the money from the victim.

---

[1] Under Georgia law, the bank robbery conviction would have been challengeable on substantive double jeopardy grounds. See *Roberts v. State*, 228 Ga. 298, 299 (2) (185 SE2d 385) (1971).

2. The credibility of the testimony of witnesses is for the jury, and all conflicts in the evidence are resolved in favor of the verdict. *Drake v. State,* 241 Ga. 583, 585 (1) (247 SE2d 57) (1978). "While there might be discrepancies as to many of the details of the crime, as to the core issue — was the defendant a participant? — there was no such conflict in the testimony of the accomplices so as to demand a finding for the defendant or to require the grant of a new trial." *Slocumb v. State,* 164 Ga. App. 114, 115 (296 SE2d 409) (1982).

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED AUGUST 13, 1993.

*Wallace & Clayton, Wallace C. Clayton,* for appellant.

*Thomas J. Charron, District Attorney, Thomas A. Cole, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.