A94A0368. MARTIN v. THE STATE.
(444 SE2d 103)

POPE, Chief Judge.

Defendant was convicted by a jury of armed robbery (OCGA § 16-8-41) and several traffic offenses not at issue here. In his sole enumeration of error, he contends the trial court erred in refusing his request to charge the jury on the lesser included offense of robbery (OCGA § 16-8-40).

Evidence at trial showed that defendant was driving around in his car with five friends when they decided to commit a robbery. They first discussed robbing a liquor store but decided not to because they did not have a weapon and they knew that most liquor store owners keep a weapon handy behind their counters. Defendant and his friends then decided to rob a bakery. Defendant parked his car in an apartment complex behind the bakery and he and a female friend waited in the car while the four others went into the bakery to commit the robbery. During the course of the robbery, one of the four saw a butcher knife on a counter, picked it up and used it to threaten the shop owner and his wife. He left the knife in the shop when the robbers left, and when they returned to defendant's car no one said anything about the use of the knife.

Defendant recognizes that "[i]n this state, a defendant can be convicted of armed robbery even though he might not have had knowledge that his accomplice was going to use a weapon to perpetrate it, so long as it can be found that use of the weapon by the accomplice was naturally or necessarily done in furtherance of the conspiracy to commit the robbery even though not part of the original agreement. [Cit.]" *Crawford v. State*, 210 Ga. App. 36, 38 (1) (435 SE2d 64) (1993). Nonetheless, defendant argues that the jury could have found that the accomplice's use of a knife he happened to see

lying on the counter was not naturally or necessarily done in furtherance of the conspiracy under the circumstances of this case, in which case it could have found defendant guilty of simple robbery rather than armed robbery. We agree with defendant that an accomplice's use of a weapon, thereby escalating the crime from robbery to armed robbery, is not "naturally or necessarily done in furtherance of the conspiracy to commit robbery" as a matter of law under all circumstances. Indeed, as it appears defendant and his co-conspirators discussed the fact that none of them had a weapon prior to the commission of the crime, this case provides a good example of a situation in which the jury could have found that the accomplice's use of the weapon was not natural, necessary or foreseeable.

However, it does not necessarily follow from this conclusion that an instruction on simple robbery would have been appropriate. Any crime, including robbery and armed robbery, involves the joint operation of an act prohibited by statute and an intent to commit the prohibited act (or, as noted above, an intent to commit an act which naturally or necessarily evolved into the prohibited act committed). See OCGA § 16-2-1. Here, it is undisputed that although defendant may have intended simple robbery, no act of simple robbery occurred. Thus, defendant could not be guilty of robbery even if his version of the facts — that he intended only robbery and that the use of the weapon was not naturally or necessarily done in furtherance of the conspiracy to commit robbery — is believed. See *Williams v. State*, 191 Ga. App. 913, 915 (4) (383 SE2d 344) (1989) (lesser included offense of robbery need not be charged where uncontroverted evidence showed completion of offense of armed robbery). Accordingly, the defendant's request to charge was not authorized by the evidence and the trial court did not err in denying it. It is arguable that if the jury accepted defendant's version of the facts, it could have found him guilty of conspiracy to commit robbery as a lesser included offense. See *Scott v. State*, 229 Ga. 541 (1) (192 SE2d 367) (1972) (conspiracy may be charged as separate offense where planned crime was not in fact committed). However, defendant did not request a charge on conspiracy to commit robbery. See *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976) (failure to charge on lesser included offense without written request is not error).

The jury, having been properly charged that defendant was responsible for the acts of his accomplices "only insofar as such acts are naturally or necessarily done in furtherance of a conspiracy," found defendant guilty of armed robbery. The trial court did not err in refusing to charge on robbery because there was no evidence that a robbery occurred and it did not err in failing to charge on conspiracy to commit robbery because such a charge was not requested.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 13, 1994 —
RECONSIDERATION DENIED MAY 5, 1994 —

*Cauthorn & Phillips, Thomas E. Cauthorn III*, for appellant.

*Thomas J. Charron*, District Attorney, *Don T. Phillips, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.