## S97A0590. GLISSON v. GLISSON.
(486 SE2d 167)

HUNSTEIN, Justice.

This is the second appearance before this Court of this father-son dispute over farm property in Evans County. In the first case, this Court reversed the judgment in favor of the father, Jerome Glisson, based on errors in the jury charges and special verdict form.

*Glisson v. Glisson*, 265 Ga. 239 (3), (4) (454 SE2d 508) (1995). The son, Martin Glisson, prevailed at the second trial. Finding that the trial court erred by failing to recharge the jury on questions specifically requested by the jury, we reverse.

1. Appellant contended at trial that a warranty deed he executed in favor of appellee was procured by fraud. After the charge,[1] the jury deliberated and then returned with two questions: "when you read about a person reading and signing a paper, didn't you say there was an exception between family members?" and "didn't you read something like 'if there is any deception — to rule fraud?'" Over objection by appellant's counsel, the trial court declined to recharge the jury and limited its response to reminding the jury of its prior charge.

It is well established that "'[w]hen the jury requests the court to re-charge them on any point, it is the duty of the court to do so.' [Cits.]" *Hubert v. City of Marietta*, 224 Ga. 706, 711 (4) (164 SE2d 832) (1968). See also *Edwards v. State*, 233 Ga. 625 (2) (212 SE2d 802) (1975) (refusal to recharge as requested on murder and manslaughter constituted reversible error). The necessity that the jury clearly understand the law in order to render a lawfully arrived-at verdict renders it imperative that pertinent points of law be repeated or clarified or both, to set the jury on the right course in the event of questions. *Brown v. City of Fitzgerald*, 177 Ga. App. 859 (1) (341 SE2d 476) (1986). Thus, reversible error may result when the trial court refuses to re-instruct the jury after it requests further enlightenment on particular points of law. "Merely sending a message to the jury to consider the instructions previously given [may be] insufficient under the circumstances. [Cit.]" Id.

In the case at bar, the questions submitted by the jury demonstrated the jurors' lack of comprehension regarding basic aspects of the law on fraud and the effect of a confidential relationship on the execution of a document, issues pertinent to the case they were charged with deciding. As a result of the jury's confusion, and the court's refusal to remove it and clarify the law by answering the questions, the jury may well have based its decision on an erroneous understanding and application of the principles of fraud and fiduci-

---

[1] The trial court's charge included the following instructions: "fraud . . . may not be presumed, but being in itself subtle, slight circumstances may be sufficient to carry a conviction of its existence. This is particularly applicable in family transactions"; "slight evidence of fraud may authorize the jury to cancel the deed"; "a person executing an instrument is not defrauded because he failed to read and understand it. Even misrepresentation as to the legal effect of a contract and the obligations thereby are imposed where there is no fiduciary relationship between the parties and the circumstances are not such as to give the plaintiff a legal right to rely without further question upon the statements of the defendant"; and "the burden is upon the party asserting the existence of a confidential or fiduciary relationship to show it affirmatively. The fact that the plaintiff and the defendant are father and son does not of itself create a confidential relationship between them."

ary relationships. Thus, although the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court, *Walter v. State*, 256 Ga. 666, 668-669 (352 SE2d 570) (1987), under the circumstances here the trial court's refusal upon the jury's request to give any instructions to the jury on pertinent legal issues constituted reversible error. *Hubert*; *Edwards*, supra.

2. Because the evidence adduced at trial was in conflict, the trial court did not err by denying appellant's motion for directed verdict. OCGA § 9-11-50 (a).

3. In the absence of any objection by appellant, the trial court did not err by admitting appellee's impeachment evidence. *Cale v. Cale*, 242 Ga. 600 (2) (250 SE2d 467) (1978).

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 30, 1997.

*Malcolm F. Bryant, Jr.,* for appellant.
*Callaway, Neville & Brinson, William E. Callaway, Jr., William J. Neville, Jr.,* for appellee.