## S03A0249. WILLIAMS v. THE STATE.
(578 SE2d 858)

CARLEY, Justice.

After a jury found Dewaine Williams guilty of felony murder during commission of armed robbery, he appeals from the judgment of conviction and life sentence entered by the trial court on the guilty verdict.[1]

1. A customer discovered the body of convenience store clerk Hassan Abubahari who had been killed during an apparent robbery attempt. The store's surveillance videotape showed two robbers, one of whom shot the victim while the other jumped up onto the counter and stole cigarettes. The police received a tip leading to the arrest of Appellant and Darnell Rainey. When officers questioned Appellant,

---

[1] The crime was committed on April 15, 1997. The grand jury indicted Appellant on April 16, 1998. The jury returned the guilty verdict on August 12, 1998. The trial court entered judgment of conviction and imposed the life sentence on August 19, 1998. Appellant filed a motion for new trial on August 20, 1998. The trial court denied that motion on August 16, 2000. Appellant did not file a timely notice of appeal. However, the trial court subsequently entered an order the effect of which was to grant him the right to file an out-of-time appeal and, on December 29, 2000, he filed a notice of appeal. The case was docketed in this Court on October 23, 2002. The appeal was submitted for decision on December 15, 2002.

he admitted going to the store to rob it and being present when Rainey shot Mr. Abubahari. Construing the evidence most strongly in support of the jury's verdict, it is sufficient to authorize a rational trier of fact to find proof of Appellant's guilt of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Tho Van Huynh v. State*, 257 Ga. 375 (359 SE2d 667) (1987).

2. For identification purposes, the State showed the victim's roommate a photograph taken of the victim's body at the crime scene. She reacted emotionally, and the defense moved for a mistrial. Appellant enumerates the denial of that motion as error.

The appropriate response to a witness' show of emotion is a matter addressed to the trial court's discretion. *Todd v. State*, 274 Ga. 98, 102 (5) (549 SE2d 116) (2001). "The emotional outburst in this case consisted of the witness crying. . . . [S]uch emotions are reasonably expected by one who is a close [friend] of a murder victim." *Dick v. State*, 246 Ga. 697, 705 (14) (273 SE2d 124) (1980). The record does not contain any "evidence that [the witness] became hysterical or made any prejudicial comments. [Cit.]" *Brannan v. State*, 275 Ga. 70, 80-81 (12) (561 SE2d 414) (2002). Under these circumstances, the trial court did not abuse its discretion by denying the motion for mistrial. *Brannan v. State*, supra at 80 (12).

3. The trial court charged the jury that, when one of two conspirators kills the victim in furtherance of a conspiracy to rob, "such killing is the probable consequence of the unlawful design to rob, and both may be found guilty of murder." Appellant urges that this charge invades the province of the jury and is burden-shifting.

The instruction is an accurate statement of the law of conspiracy and parties to a crime. One who participates in an armed robbery is "liable for the consequences of his crime, including the death of the victim. [Cit.]" *Austin v. State*, 261 Ga. 550, 551 (1) (408 SE2d 105) (1991). A party to a felony " 'may be convicted for any murder that occurs as a result of the commission of that felony, without regard as to whether he commits, intended to commit, or acted to commit the murder of the victim.' [Cit.]" *Freeman v. State*, 273 Ga. 137, 139 (3) (539 SE2d 127) (2000). " 'Proof of felony murder does not require proving malice or the intent to kill, but only that the defendant had the requisite criminal intent to commit the underlying felony. [Cit.]' [Cit.]" *Tessmer v. State*, 273 Ga. 220, 222 (2) (539 SE2d 816) (2000). The intent of the actual killer may be imputed to the other active members of the conspiracy even though the homicide may not have been a part of the original common design. *Bruce v. State*, 263 Ga. 273, 275 (5) (430 SE2d 745) (1993).

The contested charge in this case did not compel the jurors to find that Appellant was guilty of murder. It simply related the legal

consequences of participation in a conspiracy to rob, and left for them to determine whether Appellant was a party to such a conspiracy. Moreover, no burden was shifted to the defense in that regard, as the trial court clearly instructed the jury on the State's burden of proving beyond a reasonable doubt that Appellant was guilty of felony murder. Therefore, this enumeration of error is without merit.

4. Appellant requested the trial court to charge the jury that the State had the burden of proving beyond a reasonable doubt that he knew that the crime of armed robbery was going to be committed. He enumerates the failure to give this instruction as error.

By Appellant's own admission, he was a co-conspirator to the crime of robbery. His sole contention was that he did not know Rainey was armed and that, if he had, he would not have accompanied him to the store. However, his precise knowledge in that regard was not a necessary component of his guilt for armed robbery and, consequently, for felony murder.

> In this state, a defendant can be convicted of armed robbery even though he might not have had knowledge that his accomplice was going to use a weapon to perpetrate it, so long as it can be found that use of the weapon by the accomplice was naturally or necessarily done in furtherance of the conspiracy to commit the robbery even though not part of the original agreement. [Cit.]

*Crawford v. State*, 210 Ga. App. 36, 38 (1) (435 SE2d 64) (1993). Thus, Appellant's requested charge was not an accurate statement of the law. The prosecution was not required to prove beyond a reasonable doubt that he knew beforehand that the co-conspirator intended to use a gun. All that the State was required to prove was that Appellant was a member of a conspiracy to rob the store and that Rainey's use of the weapon was naturally or necessarily done in furtherance of that crime. The record reflects that the trial court properly charged that each member of a conspiracy "is responsible for the acts of the others only insofar as such acts are naturally or necessarily done to further the conspiracy." See *Martin v. State*, 213 Ga. App. 146, 147 (444 SE2d 103) (1994). The State met its burden of proof in that regard. *Crawford v. State*, supra at 36 (1); *Parham v. State*, 166 Ga. App. 855, 856 (1) (305 SE2d 599) (1983). Consequently, there was no error in this case.

5. Appellant urges that his trial counsel was ineffective because he did not object to the trial court's failure to give the requested charge on the "lack of knowledge" defense. To prove that claim of ineffectiveness, he must show that the lack of an objection was a deficiency in the attorney's performance which prejudiced the defense.

*Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Because counsel did preserve the right to raise objections to the instructions on appeal, we discussed the merits of the refused charge in Division 4. Thus, the alleged deficiency in counsel's performance in no way prejudiced Appellant. Moreover, as noted in Division 4, the charge was not an accurate statement of the law of Georgia. Therefore, defense counsel was not ineffective for failing to pursue a meritless objection. Thus, Appellant failed to prove either deficiency or prejudice so as to demonstrate a viable *Strickland* claim of ineffective assistance of trial counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 27, 2003.

*Edwin J. Wilson*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Rose L. Wing, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General*, for appellee.