BENHAM, Justice,
dissenting.
I would reverse because I conclude the trial court erred in denying appellant’s motion for new trial on the ground of ineffective assistance of trial counsel. First, I find ineffective assistance as a result of trial counsel’s affirmative waiver of a legal right to have the trial court recharge the jury in response to the jury’s question: “Would a defendant have to be aware of a weapons presence before a crime is committed to convict the defendant of possession of a firearm?” In the course of discussing how to respond to this question, the court, the prosecutor, and defendants’ counsel reached an agreement that the question called for a factual conclusion that should not be answered. In fact, the question did not call for a factual conclusion but must reasonably be viewed as a question regarding a point of law, i.e., the circumstances pursuant to which a defendant may be deemed culpable for the acts of other parties to a crime or the acts of the *280 defendant’s co-conspirators in furtherance of the conspiracy. The question thus called for a recharge on this issue.
“Atrial court has a duty to recharge the jury on issues for which the jury requests a recharge, and the trial court commits reversible error if it fails to do so.” Dill v. State, 277 Ga. 150, 151 (2) (587 SE2d 56) (2003). See also Edwards v. State, 233 Ga. 625, 626 (212 SE2d 802) (1975); Glisson v. Glisson, 268 Ga. 164, 165 (486 SE2d 167) (1997). That the jury was adequately instructed regarding appellant’s liability as a conspirator for the crimes committed by her co-defendants does not relieve the trial court from the duty to recharge in this case. To hold otherwise would eviscerate the well-established rule that a trial court has a duty to recharge when the jury so requests. The trial court’s failure to recharge the jury on an essential element of the crimes for which appellant was tried would be reversible but for trial counsel’s intentional waiver of the error.
“The necessity that the jury clearly understand the law in order to render a lawfully arrived-at verdict renders it imperative that pertinent points of law be repeated or clarified or both, to set the jury on the right course in the event of questions.” Glisson, supra, 268 Ga. at 165. Included with the jury’s question in this case was a statement that the jury still had not reached a verdict as to one of the defendants on certain counts of the indictment, namely aggravated assault with a deadly weapon, armed robbery, and possession of a firearm while in the commission of the felony of aggravated assault. Since appellant was the only defendant for whom there was no direct evidence of knowledge that the other defendants were in possession of a firearm, it is obvious the jury was referring to appellant. Given the facts of this case, a rational jury could have found appellant possessed the intent to join in a conspiracy to commit theft by taking of the victim’s wheel rims, but not to join in a conspiracy to commit any of the other felonies that involved possession of a firearm, because no evidence was presented that she was aware of the rifle prior to the commission of the crimes.[10]
The majority is correct that a co-conspirator to a robbery may be found guilty of felony murder based on armed robbery even without knowledge that her fellow conspirators had a gun when the co-conspirator had the intent to commit robbery. See Williams v. State, 276 Ga. 384, 386 (4) (578 SE2d 858) (2003). But Williams and other cases in which this rule has been applied involve the defendant’s intent to engage *281 in a conspiracy to commit robbery, which by definition requires taking property from another person by force or intimidation. See OCGA § 16-8-40; see, e.g., Crawford v. State, 210 Ga. App. 36 (435 SE2d 64) (1993). For that reason,
a defendant can be convicted of armed robbery even though he might not have had knowledge that his accomplice was going to use a weapon to perpetrate it, so long as it can be found that use of the weapon by the accomplice was naturally or necessarily done in furtherance of the conspiracy to commit the robbery even though not part of the original agreement.
Crawford, supra, at 38 (1). In this case, by contrast, no evidence was presented that appellant knowingly joined in a conspiracy to rob the victim by confronting him or to hijack his car. Instead, the evidence was consistent with the conclusion that appellant agreed to help her friends obtain access to the vehicle to reclaim rims that had been stolen from her friends, and that she did this by occupying the victim’s brother so that he got rid of the other two women in the car, and by then getting the victim to go home for the evening and park the car so that the others could reclaim the rims. The evidence shows that as soon as she knew the victim had left to go home, she called Sanders. Accordingly, unlike in Williams, a jury could have found appellant was, at most, a conspirator to theft without finding that her accomplices’ use of a firearm was naturally or necessarily done in furtherance of that conspiracy.
For that reason, appellant is entitled to a new trial on the ground of ineffective assistance of trial counsel. The majority concludes that appellant could be convicted of the crimes in question even if she did not know about the weapon and that, accordingly, her claim of ineffective assistance is without merit. But a common criminal intent is required to establish that a defendant is a party to a crime. See Jordan v. State, 272 Ga. 395, 396 (530 SE2d 192) (2000). Pursuant to the specific facts of this case, with no evidence that appellant intended to engage in a conspiracy to rob the victim by force or intimidation, it was, as in Glisson, “imperative that pertinent points of law be repeated or clarified or both, to set the jury on the right course” since the jury raised a question that went to the heart of her culpability for the crimes charged. I conclude trial counsel erred by consenting to the trial court’s refusal to recharge on these important issues and thereby waiving appellant’s right to assert this error on appeal.
Further, I agree with appellant that her trial counsel was ineffective in that the record shows he did not adequately prepare her *282 defense. Trial counsel failed to submit requests to charge that were tailored to the facts of this case, including a charge on theft by taking. The only defense presented by trial counsel was that appellant was not knowingly involved in any manner in a criminal enterprise with her co-defendants. Given the weight of the evidence that appellant did participate in some criminal enterprise by manipulating the victim’s activities and keeping the other conspirators informed of the location of the vehicle and its occupants, trial counsel performed deficiently by relying solely on this defense. In my opinion, effective counsel would have presented a more effective defense and a more compelling closing argument by urging that if the jury did find appellant was involved in a conspiracy to commit a crime in this case, they could find from the evidence that appellant was not involved in a conspiracy to commit armed robbery but participated, if at all, only with the intent to commit the lesser offense of theft. Applying the standard set forth in Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), I conclude the facts demonstrate appellant’s trial counsel performed deficiently and a reasonable probability exists that, but for these deficiencies, the outcome of the trial would have been more favorable to the appellant.
Decided June 2, 2014.
Walker L. Chandler, for appellant.
Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Joshua D. Morrison, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General, for appellee.
I am authorized to state that Justice Hunstein joins in this dissent.

 That appellant picked up Pye and Chambers, and helped them flee with the rifle after a police officer arrived at the school parking lot where they were apparently trying to remove the rims from the victim’s vehicle, may be evidence that she was an accessory after the fact, but she was not charged with that crime.