**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 5, 2026**

# In the Court of Appeals of Georgia

A25A1804. CARTER v. THE STATE.

RICKMAN, Presiding Judge.

Travis Carter was tried by a jury and convicted of first degree homicide by vehicle predicated on the offense of hit and run.[1] On appeal, he contends that his trial

---

[1] "Any driver of a motor vehicle who, without malice aforethought, causes an accident which causes the death of another person and leaves the scene of the accident in violation of [OCGA § 40-6-270(b)] commits the offense of homicide by vehicle in the first degree[.]" OCGA § 40-6-393(b). Pursuant to OCGA § 40-6-270(b), if a motor vehicle "accident is the proximate cause of death or a serious injury, any person knowingly failing to stop and comply with the requirements of [OCGA § 40-6-270(a)] shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years." As pertinent to the issues on appeal, OCGA § 40-6-270(a) provides:

The driver of any vehicle involved in an accident resulting in injury to or the death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and forthwith

counsel rendered ineffective assistance by failing to request a jury instruction on the defense of justification and by failing to object to the trial court's response to a question from the jury. For the reasons set forth below, we affirm.

"Following a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to sustain the verdict." *Owens v. State*, 374 Ga. App. 56, 56 (911 SE2d 330) (2025) (punctuation omitted). So viewed, the evidence presented at trial showed that on the evening in question, Mother's Day 2018, Carter was driving on a two-lane road when his car struck the victim, who was attending an outdoor social gathering. Upon impact, the victim was thrown into the air, out of his pants and shoes, and into a ditch on the side of the road. It was clear that the victim was severely injured immediately after being struck, and he died at the scene. After he hit the victim, Carter got out of his car and asked the people present whether someone had thrown something at his car. When informed

---

return to the scene of the accident . . . . (4) Where a person injured in such accident is unconscious, appears deceased, or is otherwise unable to communicate, [the driver shall] make every reasonable effort to ensure that emergency medical services and local law enforcement are contacted for the purpose of reporting the accident and making a request for assistance.

that he had hit a person, Carter walked over to the ditch, looked at the victim, and got back into his car and left.[2] Carter admitted that he did not call 911 or otherwise attempt to notify the police about the incident.

A friend of the victim did call 911, and multiple law enforcement officers responded to the scene. One of the officers began administering CPR, while another officer worked to get a crowd of approximately 25 to 30 people out of the way. Later that evening, an officer went to Carter's residence and saw a vehicle matching the description of the one at the scene. The vehicle's driver's side headlight was broken, the hood was dented, and the windshield was shattered.

Following the incident, Carter was interviewed by two different law enforcement agencies. He received *Miranda*[3] warnings prior to each interview. Carter told a lieutenant with the City of Baxley police department and an officer with the Georgia State Patrol that he drank a shot of liquor and six beers earlier that evening. He described subsequent events in a similar manner in both interviews, recalling that while driving, something hit his windshield, causing it to shatter, but that he did not

---

[2] The victim was Carter's cousin, but Carter testified that he did not learn of the victim's identity until the next morning.

[3] *Miranda v. Arizona*, 384 US 436 (86 SCt 1602, 16 LE2d 694) (1966).

realize that he had hit a person until he stopped and someone told him what had happened. Carter then explained that when he got out of his car and saw a person lying in the ditch, he panicked, got back into his car, and left.

Carter was subsequently arrested and indicted for three counts of first degree homicide by vehicle (Count 1 predicated on hit and run, Count 3 predicated on driving with an illegal alcohol concentration, and Count 5 predicated on driving under the influence of alcohol to the extent that it was less safe for him to drive), hit and run (Count 2), two counts of driving under the influence (Count 4 alleging a per se violation and Count 6 alleging a less safe violation), and driving with a suspended license (Count 7). In response to a motion for directed verdict, the trial court dismissed Count 7. The jury found Carter guilty on Count 1 and Count 2, and on Count 5, found him guilty of the lesser included offense of second degree homicide by vehicle.[4] Carter was acquitted of the remaining charges.

Carter moved for a new trial on the general grounds and asserted that the trial court had plainly erred and/or he received ineffective assistance of counsel with respect to the trial court's failure to instruct the jury on the defense of justification and

---

[4] For sentencing purposes, the trial court merged Count 2 and Count 5 with Count 1.

its response to a question from the jury. Following a hearing, the trial court denied the motion in its entirety. This appeal followed.

1. Carter contends that his trial counsel rendered ineffective assistance by failing to request a jury instruction on the defense of justification and by failing to object to the trial court's response to a question from the jury.[5]

To prevail on a claim of ineffective assistance of counsel, Carter must show that his trial counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 US 668, 687(III) (104 SCt 2052, 80 LE2d 674) (1984). To establish deficient performance, Carter must show that counsel performed his duties at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. Id. at 687-688 (III)(A). And to prove that he was prejudiced by the performance of his counsel, Carter must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694(III)(B). A

---

[5] In his brief on appeal, Carter argues that the trial court was required to give a justification charge, sua sponte, and to answer a question from the jury directly, but he does not include these alleged failures in his enumeration of errors and clarified at oral argument, through counsel, that he was only pursuing claims of ineffective assistance of trial counsel.

court deciding an ineffective assistance claim need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697(IV).

(a) Carter contends that his trial counsel should have requested a jury instruction on the defense of justification predicated on OCGA §§ 16-3-20(5) and (6), which provide:

> The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed: (5) When the person's conduct is justified for any other reason under the laws of this state . . . ; or (6) In all other instances which stand upon the same footing of reason and justice as those enumerated in this article.[6]

He argues that the instruction was supported by his trial testimony that when he walked over to the ditch where the victim had landed, there were approximately 100 people there and that "so many people" surrounded him, "hitting [him] in the back

---

[6] Justification can also be claimed when a "person's conduct is justified under Code Section 16-3-21 [defense of self or others], 16-3-23 [defense of habitation], 16-3-24 [defense of property], 16-3-25 [entrapment], or 16-3-26 [coercion];" "is in reasonable fulfillment of his duties as a government officer or employee;" "is the reasonable discipline of a minor by his parent or a person in loco parentis;" or "is reasonable and is performed in the course of making a lawful arrest." OCGA §§ 16-3-20(1)-(4).

and saying we fixing to get you," so he got into his car and went home, where he drank multiple alcoholic beverages.[7]

Carter does not, however, cite any authority supporting his contention that an instruction based on subsections (5) and (6) was authorized in this situation, and we have found none. His trial counsel "did not perform deficiently by not seeking to make new law." *Washington v. State*, 313 Ga. 771, 778(3)(e) (873 SE2d 132) (2022). See *Rhoden v. State*, 303 Ga. 482, 486(2)(a) (813 SE2d 375) (2018) ("Counsel is not obligated to argue beyond existing precedent.") (punctuation omitted).

In addition, this Court has repeatedly concluded that the evidence does not raise the defense of justification where a defendant creates the situation in which the decision to violate the law is made and that decision is not the only available option. See *Jones v. State*, 315 Ga. App. 688, 691 (727 SE2d 512) (2012) (finding no error in the trial court's failure to give a jury charge on justification when a driver knew his lane was ending but chose to accelerate to 90 mph next to a line of tractor-trailers instead of slowing down or pulling over); *Moon v. State*, 244 Ga. App. 443, 446(3) (535

---

[7] On cross-examination, Carter acknowledged that he never told the law enforcement officers he spoke to after the incident that he left the scene because he was being threatened or physically attacked.

SE2d 771) (2000) (concluding that the trial court did not err in failing to charge on justification based on heroin addict's decision to steal a vehicle to get to a methadone clinic for treatment because he created the situation that resulted in the theft and had other available options). And where an instruction is not supported by the evidence, the failure to request the instruction does not constitute deficient performance. See *Whittaker v. State*, 317 Ga. 127, 137(4)(d) (891 SE2d 849) (2023).

In this case, Carter's actions in hitting the victim with his vehicle placed him in the situation in which he found himself, and he had the option of retreating to his vehicle to contact emergency medical services to assist the victim and local law enforcement to report the accident instead of merely fleeing the scene. As a result, the justification instruction was not warranted, and trial counsel did not perform deficiently in failing to request it.[8] See generally id.

(b) Carter takes issue with his trial counsel's failure to object to the trial court's response to this question from the jury:

---

[8] We note that justification was not Carter's sole defense. His counsel pursued a defense based on accident, and the jury was instructed accordingly.

If [the victim] accidently fell in front of the car and it is not the fault of Travis Carter is it still considered vehicle homicide since the vehicle caused [the victim]'s death?

The trial court declined to answer the jury's question directly but offered to recharge any of the law. The foreperson then requested the definition of vehicular homicide, as alleged in Count 1. The trial court repeated the requested definition and, upon the jury's request, provided them with a written copy of the jury instructions. When the trial court asked if the jury wanted anything further, there was no audible response from the foreperson.

Carter suggests that the jury's question demonstrated that it needed clarity on the issue of causation, particularly in light of testimony from another one of his cousins who was in the area when the incident occurred. In his testimony for the defense, Carter's cousin said that he saw someone on a go-cart starting to come out of a driveway as Carter was driving toward them and then saw the victim put his foot on the go-cart to stop it, which knocked him off balance, and "that's when the accident happened."

Given that evidence, Carter contends that his trial counsel should have objected to the trial court's failure to provide a direct answer to the jury's question and

requested that the trial court inform the jury that the verdict should be not guilty if Carter's actions were not the proximate cause of the victim's death.[9] He further contends that counsel should have requested that the trial court instruct the jury on causation.

To establish deficient performance, Carter was required to show that his trial counsel's failure to object to the trial court's response to the jury's question was "objectively unreasonable," and he has not done so. *Lewis v. State*, 311 Ga. 650, 663(3) (859 SE2d 1) (2021). The trial court had discretion to decline to answer the jury's question directly. See *Redding v. State*, 296 Ga. 471, 473(2) (769 SE2d 67) (2015). And although a trial court does have "a duty to recharge the jury on issues for which the jury requests a recharge[,] . . . the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court." *Jones v. State*, 317 Ga. 466, 475(3) (893 SE2d 741) (2023) (citation and punctuation omitted). See *Torres v. State*, 361 Ga. App. 149, 151(1) (863 SE2d 399) (2021) (Where the jury, after being charged by the court, "requests an instruction upon a specific question, it is not error

---

[9] We note that Carter did not offer a proposed answer to the jury's question in his motion for new trial, where he argued that the jury should have been instructed on the law of proximate cause and/or intervening cause.

for the judge to confine his instruction to the specific point suggested by the jury's inquiry.") (punctuation omitted).

The jury specifically asked for the definition of vehicular homicide, as alleged in Count 1, and the trial court complied with that request. As part of that definition, the jury was reminded that to find Carter guilty of that offense, he must have been the driver of a vehicle who caused an accident that caused the death of another human being and then left the scene of the accident. In addition, the jury was recharged that it is unlawful for any person to knowingly fail to stop and comply with the requirements of the hit and run statute where an accident "is the proximate cause of the death or serious bodily injury." The jury also received a written copy of the entire charge — which included definitions for vehicular homicide, hit and run, and proximate cause — and did not ask for any additional instruction.

Thus, the trial court acted within its discretion in responding to the jury's question.[10] Carter therefore has not shown that his trial counsel's failure to object to the trial court's response to the jury question was "'objectively unreasonable'

---

[10] Unlike the situation in *Dill v. State*, 277 Ga. 150 (587 SE2d 56) (2003), relied upon by Carter, the trial court here did not refuse to recharge on issues that were "indisputably pertinent" to the jury's request for clarification. Id. at 151(2).

considering 'all the circumstances and in the light of prevailing professional norms,' nor has he overcome the 'strong presumption' that trial counsel's performance was adequate[.]" *Lewis*, 311 Ga. at 664(3) (citation omitted). See *Stepp-McCommons v. State*, 309 Ga. 400, 407(4)(a) (845 SE2d 643) (2020) (recognizing that where trial court acts within its discretion in responding to a question from the jury, appellant cannot show that his trial counsel's performance was deficient in failing to raise an objection to that response).

Because Carter has failed to establish that his trial counsel performed deficiently, his claims of ineffective assistance fail. See *Lewis*, 311 Ga. at 664(3).

2. Carter requests that we consider the cumulative prejudicial effect of trial counsel's alleged deficiencies. As explained above, Carter has not shown that his trial counsel was professionally deficient in the manners alleged. Therefore, "there are no errors to aggregate, and his claim of cumulative error also fails." *O'Neal v. State*, 316 Ga. 264, 271(6) (888 SE2d 42) (2023).

*Judgment affirmed. Gobeil and Davis, JJ., concur.*